443 So.2d 140 (1983)
W.J. OWENS and Aletha Owens, His Wife, Appellants,
v.
Thomas Jefferson BLITCH, III, and Jeritza Garcia Blitch, His Wife, and Gulf Citrus, Inc., Jointly and Severally, Appellees.
No. 82-2574.
District Court of Appeal of Florida, Second District.
December 7, 1983.
Rehearing Denied January 4, 1984.
Thomas E. Baynes, Jr., of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lake Wales, for appellants.
Lee S. Damsker of Maney & Damsker, Tampa, for appellees, the Blitches.
SCHEB, Judge.
W.J. Owens and his wife, Aletha, appeal from a final judgment awarding Thomas and Jeritza Blitch damages arising from the misappropriation of funds of Gulf Citrus, Inc.
Gulf Citrus, Inc., holds title to a citrus grove in Hillsborough County. Mr. Owens and Mrs. Blitch each own fifty percent of the shares in Gulf Citrus. Mr. Blitch took responsibility for negotiating the purchase of the grove in 1971. These three and Mrs. Owens all served as directors of Gulf Citrus.
By 1974 the relationship between the Blitches and Owenses had considerably deteriorated. In 1977 the Blitches brought suit against Gulf Citrus and the Owenses in a two-count complaint. Count one sought a dissolution of Gulf Citrus and liquidation of its assets. Count two was an action for damages for misappropriation of the funds of Gulf Citrus. A receiver was appointed for Gulf Citrus. The Owenses answered and cross-claimed against Gulf Citrus for payment of promissory notes owed them by the corporation.
After a nonjury trial, count one, the request to dissolve Gulf Citrus, was denied by the trial court. As to count two the trial court determined that Mr. and Mrs. Owens were guilty of "fraud, misappropriation of funds, washing the assets of Gulf Citrus, Inc., unfairness and imposition." The court further found that over a seven-year *141 period, the Owenses failed to account for $221,250 worth of citrus fruit, which rightfully belonged to the Blitches and Owenses in equal shares. The court awarded the Blitches a judgment for $110,625 against the Owenses. The trial judge further determined that the Owenses had completely personalized the corporation and assumed its alter-ego. On that basis the court denied their cross-claim against Gulf Citrus, as it would be "tantamount to ... filing a claim against themselves."
Although a number of issues have been raised in this complicated appeal, we find only one has merit.
Appellants contend that the trial court erred in denying their cross-claim, which sought recovery against Gulf Citrus on promissory notes for cash advances and caretaking services. They point out that Gulf Citrus, in its answer to the cross-claim, admitted the debts on several of the notes issued to the Owenses. Furthermore, appellee Thomas Blitch also admitted that the corporation owed certain funds to the Owenses. The notes offered in evidence appear to have been properly executed. Nevertheless, the trial court refused to receive the notes in evidence.
Counsel for the Blitches objected to the notes on the ground that they were "totally self-serving [and] ... executed by Mr. Owens, in favor of Mr. Owens." The record is unclear whether the objection was sustained on the ground stated above. However, appellate counsel for both parties agree that the court refused admission of the notes because documentary stamps were belatedly affixed to the notes. If this was the basis for the court's refusal to receive the notes, then we think the court erred. Nothing in Florida law would deny enforceability of promissory notes merely because documentary stamps have been belatedly affixed. See § 201.08, Fla. Stat. (1981).
There is serious dispute as to the legality of many of the notes. The Blitches challenge corporate authorization of some of the notes as being illegal, while they admit the corporation's obligation on the other notes. However, the trial court apparently did not resolve this problem since it declined to receive the notes into evidence.
As noted, the court denied the Owenses' cross-claim as it would be "tantamount to ... filing a claim against themselves." However, they did not have complete ownership of Gulf Citrus  Mrs. Blitch owned half the shares of the corporation. Therefore, it appears that the Owenses may be entitled to payment for sums represented by some or all of those notes.
Accordingly, we vacate that part of the final judgment which denies the Owenses' cross-claim against Gulf Citrus. We remand to the trial court with directions to receive the eleven promissory notes, which are set forth in the cross-claim, into evidence and hold a further evidentiary hearing to determine whether the Owenses are entitled to recover any of the sums represented by those notes. The court should then make specific findings of fact as to the Owenses' right of recovery of the sums represented by each note sued on and enter judgment accordingly.
We reject appellants' remaining arguments and, except as indicated, affirm the final judgment.
GRIMES, A.C.J., and CAMPBELL, J., concur.