PARKER, Judge.
Thomas Blitch and his wife, Jeritza, appeal from a final judgment entered by a successor judge finding that W.J. Owens and his wife, Aletha, were entitled to recover on two of the eleven promissory notes owed by Gulf Citrus, Inc. to the Owenses, determining that nine of the notes were invalid.[1]
The sole issue in this appeal is whether the successor judge was without authority to revisit the original judge’s ruling entered after the trial of the case. We hold that he possessed that authority and affirm.
A final judgment involving these parties was appealed to this court in 1983. Owens v. Blitch, 443 So.2d 140 (Fla. 2d DCA 1983). In that appeal, this court affirmed the trial court’s denial of count one of the Blitches’ complaint which sought to dissolve Gulf Citrus and liquidate its assets. We further affirmed the award of damages to the Blitches under the second count of their complaint, alleging misappropriation of Gulf Citrus funds by the Owenses. We vacated, however, the portion of the final judgment which denied the Owenses’ cross-claim against Gulf Citrus, directing the trial court to receive eleven promissory notes “into evidence and hold a further evidentia-ry hearing to determine whether the Ow-enses are entitled to recover any of the sums represented by these notes.” The trial court was further instructed on remand to make specific findings as to the Owenses’ right of recovery on each of the notes. The successor judge’s final judgment, acting upon that mandate, is the reason for this appeal.
The general rule is that a successor judge cannot review, modify, or reverse on the merits and on the same facts the final orders of a predecessor, unless there exists some special circumstances such as mistake or fraud upon the court. Groover v. Walker, 88 So.2d 312 (Fla.1956); Balfe v. Gulf Oil Company Latin America, 279 So.2d 94 (Fla. 3d DCA 1973). After remand from this court, at a hearing on February 3, 1984, regarding several motions, the original trial judge, when this court’s mandate was brought to his attention, observed that the trial evidence reflected that the Owenses had committed fraud and misrepresentation, thereby prohibiting any recovery upon the promissory notes. The judge thereafter requested le- *706 ' gal memoranda within one week observing “You may change my mind, but I don’t think so.” Ultimately, the original trial judge never conducted an evidentiary hearing, never admitted the promissory notes into evidence, and never made specific findings concerning entitlement of sums represented by the notes.
After a filing and dismissal of a proceeding by the Owenses in bankruptcy court, the successor judge, on March 11, 1985, accepted the eleven promissory notes into evidence, and entered the final judgment, which is the subject of this appeal. The parties stipulated that the evidence to be considered by the successor judge upon remand would consist of the appellate record, supplemented by counsel’s letters to amplify that record.
A successor judge that does not hear all the evidence may only enter a verdict or judgment upon a retrial or if the parties so stipulate on the basis of the record of the prior proceedings. Tompkins Land & Homing, Inc. v. White, 431 So.2d 259 (Fla. 2d DCA 1983); Bradford v. Foundation & Marine Construction Co., 182 So.2d 447 (Fla. 2d DCA 1966). The successor judge here followed the mandate and instructions of this court. Further, the parties had stipulated that the record and written submissions were to be used for the evidentiary hearing. The final judgment entered by the successor judge contains specific findings of fact. In that order, the successor judge found two promissory notes to be valid obligations, voided eight notes because a quorum of shareholders was not present at the annual meeting of Gulf Citrus to approve the notes, and voided an additional note because the evidence did not support the fact that a majority of shareholders had approved the note at the corporation’s annual meeting.
The final judgment is, therefore, affirmed.
LEHAN, A.C.J., and FRANK, J., concur.

. 'Mr. Owens and Mrs. Blitch each owned fifty percent of the shares of Gulf Citrus.