578 So.2d 394 (1991)
Zola KLEIN, Appellant,
v.
The ROYALE GROUP, LTD. and Leonard A. Pelullo, Appellees.
No. 90-684.
District Court of Appeal of Florida, Third District.
April 16, 1991.
*395 Stuart R. Michelson, North Miami, for appellant.
Leonard Pelullo, appellee in pro. per.
Before NESBITT, GERSTEN, and GODERICH, JJ.
PER CURIAM.
Zola Klein sued The Royale Group, Ltd. for failure to pay a promissory note. In a second count, Klein sued Leonard A. Pelullo on his personal guaranty of the note. After the plaintiff had rested his case in chief, an adjournment of the proceedings occurred. After the resumption of proceedings, the defendant-guarantor moved for an involuntary dismissal because of the plaintiff's failure to pay the necessary tax on the promissory note and affix the appropriate documentary stamps to the written obligation as required by section 201.08, Florida Statutes (1989). Between the time that the motion for involuntary dismissal was made and the date of oral argument on that motion, the plaintiff purchased and affixed the required documentary stamps to the instrument in question. Nonetheless, the trial court granted the guarantor's motion for involuntary dismissal without prejudice. This was error. The plain terms of section 201.08(1) require that an instrument not be enforceable in any court of this state until the tax due thereon has been paid. However, there is nothing in the statute or the case decisions that deny enforceability merely because the required documentary stamps have been belatedly purchased and affixed. Owens v. Blitch, 443 So.2d 140 (Fla. 2d DCA 1984). See Silber v. Cn'R Indus., 526 So.2d 974, 977 (Fla. 1st DCA 1988).
For this reason, the order granting the guarantor's motion for involuntary dismissal without prejudice is reversed and the case is remanded for further proceedings.