PER CURIAM.
Appellant, Henry J. Maruri, appeals non-final orders requiring the payment of a settlement, and enforcing an attorney’s lien in favor of appellee, Michelle Ann Maruri. We reverse.
After appellee filed her petition for dissolution, the parties entered into a settlement agreement where appellee released all of her marital rights in exchange for $12,500. Appellant, however, failed to pay anything.
Prior to a hearing on appellee’s motion to require payment of the settlement, appellee wrote a letter to her attorney instructing him not to enforce the settlement and to dismiss the action. Nevertheless, appel-lee’s attorney obtained an order requiring the payment of the settlement. Thereafter, appellee sent a second letter discharging her attorney and advising him again that she wanted the case dismissed. In turn, appellee’s attorney obtained an additional order enforcing an attorney’s lien.
*117 Appellant asserts that the settlement agreement was abandoned by the parties. Appellee contends that there was never any mutual agreement between the parties to rescind their settlement agreement.
“The abandonment of a contract may be effected by the acts of one of the parties thereto where the acts of that party are inconsistent with the existence of the contract and are acquiesced in by the other party. This is tantamount to a recision of the contract by mutual assent.” Gustafson v. Jensen, 515 So.2d 1298, (Fla. 3d DCA 1987) (quoting McMullen v. McMullen, 185 So.2d 191 (Fla. 2nd DCA 1966)).
We find that both parties, by their acts, abandoned the agreement: appellant, by failing to pay, and appellee by asking her attorney to dismiss the case. Because this issue is dispositive, we do not reach appellant’s other issues.
Reversed.