727 So.2d 302 (1999)
Michael M. SOMMA, Appellant/Cross-Appellee,
v.
METRA ELECTRONICS CORP., etc., Appellee/Cross-Appellant.
No. 98-1774.
District Court of Appeal of Florida, Fifth District.
February 12, 1999.
Eric W. Ludwig of Eric W. Ludwig, P.A., Altamonte Springs, for Appellant/Cross-Appellee.
Melissa Clark Daley of Melissa Clark Daley, P.A., Tampa, for Appellee/Cross-Appellant.
ANTOON, J.
The dispositive issue raised in this action to enforce a promissory note is whether the trial court was required to dismiss the action once it was established at trial that the plaintiff had failed to pay the taxes due on the note. We conclude that the trial court should have dismissed the action because a promissory note is not enforceable in any Florida court until the requisite tax due on the note is paid. See § 201.08, Fla.Stat. (1997). Accordingly, we reverse the final judgment entered below.
In January 1997, Metra Electronics Corporation (Metra) executed a $1,893,750 promissory note in favor of Michael Somma. The note was executed in accordance with the terms of a settlement agreement reached by the parties relating to an earlier dispute. The terms of the note required Metra to pay Mr. Somma $18,750 per month for a period of ten years. The payments were to be made by the 21st day of each month and the note did not include a grace period for late payment. An acceleration clause was included in the note providing that Mr. Somma could demand the entire amount due if Metra failed to make a monthly payment.
Pursuant to the parties' agreement, Metra arranged to deposit its monthly payments into Mr. Somma's Prudential investment account. Metra made an initial deposit of $348,000 with Sun Trust Bank and instructed Sun Trust to forward the monthly note payments to Mr. Somma's Prudential account.
The payments were made by Sun Trust in accordance with the terms of the promissory note until June 1997 when the funds contained in Metra's Sun Trust account fell below $18,750. Since the balance in the account was not sufficient to pay the amount *303 due, Sun Trust did not forward the June payment to Mr. Somma's Prudential account. Sun Trust did not notify Metra of the deficiency until early July. Upon notice, Metra instructed Sun Trust to forward the remaining account balance of $12,554.94 to Mr. Somma's Prudential account. This payment was made on July 2. On July 3, Metra issued a check in the amount of $6,131.55 payable to Mr. Somma's Prudential account. Notwithstanding the payment of these sums, $63.51 remained due on the June installment payment. Mr. Somma promptly declared the note to be in default and filed this suit seeking to accelerate the balance due on the promissory note.
The case proceeded to non-jury trial. During his case-in-chief, Mr. Somma offered the promissory note into evidence. The note did not have documentary tax stamps affixed, and Mr. Somma did not offer any evidence that the taxes due on the note had been paid. Metra moved for involuntary dismissal of the lawsuit, arguing that the trial court lacked authority to enforce the note because the taxes due on the note had not been paid. To support this argument, Metra cited to section 201.08 of the Florida Statutes which provides in relevant part:
201.08 Tax on promissory or nonnegotiable notes, written obligations to pay money, or assignments of wages or other compensation; exception.
(1)
* * * * * *
The mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid.
§ 201.08(1), Fla.Stat. (1997) (emphasis added). The trial court reserved ruling on the motion and the trial proceeded.
At the close of trial the court, in an effort to reach an equitable result, denied Metra's motion to dismiss but entered final judgment in Metra's favor concluding that: 1) Prudential was Mr. Somma's agent and was authorized to accept the late and deficient payments from Metra and Sun Trust; 2) the deficiency in the June payment was de minimis and Metra had substantially performed its obligations pursuant to the terms of the note; 3) Mr. Somma's failure to pay the taxes due on the note did not deprive the court of authority to enforce the note; and 4) Metra had waived any objection to Mr. Somma's failure to pay taxes by failing to raise the issue sooner. Both parties have appealed the final judgment.
Mr. Somma contends that the trial court erred in applying the equitable doctrine of substantial performance and in determining that Prudential was his agent and not merely a depository. On cross appeal Metra argues that the trial court erred in failing to dismiss the action due to Mr. Somma's failure to obtain the requisite documentary tax stamps. Although the arguments raised by Mr. Somma have piqued our interest, we only need to determine the issue raised on cross appeal because that determination is dispositive.
Other courts have addressed procedural issues arising from the fact that at trial the plaintiff failed to establish that the requisite taxes had been paid on instruments which they were seeking to enforce. For example, in Owens v. Blitch, 443 So.2d 140 (Fla. 2d DCA 1983), the trial court refused to admit a promissory note into evidence because the documentary tax stamps on the note had been belatedly purchased. On appeal, the second district reversed this ruling, holding that "[n]othing in Florida law would deny enforceability of promissory notes merely because documentary stamps have been belatedly affixed." Id. at 141.
Similarly, in Klein v. Royale Group, Ltd., 578 So.2d 394 (Fla. 3rd DCA 1991), the plaintiff sued the defendant for failure to pay a promissory note. After the plaintiff rested his case, the defendant moved to dismiss the action on grounds that the plaintiff had failed to pay the necessary tax on the promissory note. The court scheduled a hearing on the motion; however, before the hearing commenced the plaintiff paid the tax due and affixed the documentary stamps to the note. Nevertheless, the trial court dismissed the action without prejudice. On appeal, the third district reversed, holding that "there is nothing in the statute or the case decisions *304 that deny enforceability merely because the required documentary stamps have been belatedly purchased and affixed." Id. at 395.
In Silber v. Cn'R Industries of Jacksonville, Inc., 526 So.2d 974 (Fla. 1st DCA 1988), the plaintiff sought recovery on a promissory note. At trial, after the close of the plaintiffs case, the trial court allowed the plaintiff to reopen its case, remove the note from evidence, and affix the requisite documentary tax stamps in order "to correct [the] legal impediment to enforcement of the note". Id. at 977. On appeal, the defendants argued that the trial court erred in so ruling and should have instead granted their motion to dismiss the action without prejudice to refiling after payment of the tax due. The first district found the trial court's ruling "troublesome" primarily because the court had permitted the plaintiff "to reopen its case, change the evidence to alter the existing facts, and then adduce proof of the new facts as altered by using the evidence of such changes." 526 So.2d at 978 (emphasis in original). By so ruling, the trial court not only allowed the plaintiff to prevail on the substantive claim but also subjected the defendant to the payment of prevailing party attorney's fees. Such fees would not have been incurred had the court dismissed the action. In reviewing the matter, the first district refused to dismiss the action since all of the issues "were fully and fairly tried free of error". 526 So.2d at 979. However, the court vacated the prevailing party attorney's fee award and remanded the matter to the trial court with instructions to either allow the plaintiff the option of waiving the fees incurred prior to the purchase of the stamps, or having the case dismissed without prejudice.
The facts of the instant case are distinctively different from those in the cases cited above. Evidently, this action has proceeded through trial and appeal even though the promissory note is statutorily unenforceable. Inexplicably, once Metra pointed out that the documentary tax had not been paid, Mr. Somma did not request permission from the trial court to purchase and affix the required stamps. In fact, neither the instant record nor the appellate briefs suggest that Mr. Somma has yet purchased the requisite documentary tax stamps.
Section 201.08(1), Florida Statute (1997), clearly states that in an action to enforce a promissory note the plaintiff must establish, as a condition precedent to pursuing the action, that the taxes due on the note have been paid. The prohibition against actions to enforce promissory notes until the required documentary taxes have been paid applies to "any court" including ours. The obvious purpose of this statute is to ensure payment of statutorily mandated taxes. "This statutory provision is concerned primarily with enforcement of the taxing statutes and collecting monies due the state for documentary stamps on designated instruments." Silber, 526 So.2d at 977. To this end, section 201.08(1) constitutes an injunction prohibiting courts from enforcing rights created by instruments upon which required taxes have not been paid. Accordingly, since no evidence was submitted at trial to prove that Mr. Somma had paid the taxes due on the note, this lawsuit should have been dismissed.
Mr. Somma argues that his failure to pay the documentary tax constitutes an affirmative defense, not a limitation upon the court's authority to adjudicate the lawsuit. He argues further that, like all other affirmative defenses, the defense relating to the failure to pay documentary taxes is waived if not timely raised. See Fla.R.Civ.P. 1.140. Applying this argument, he submits that Metra waived its right to assert the defense of his failure to pay the taxes due on the note by waiting to raise the issue until trial. We disagree.
Unlike an affirmative defense, section 201.08 was not enacted for the protection of any particular class of defendants, nor was it enacted to preserve the integrity of the judicial proceedings. Therefore, a defendant's failure to plead a plaintiff's noncompliance with section 201.08 does not waive the state's right to receive payment of the requisite taxes nor does such noncompliance excuse the court from complying with the prohibition contained in the statute. We note that the record before us does not disclose that Metra had knowledge of Mr. Somma's failure *305 to pay the documentary tax prior to the note being offered into evidence. Perhaps this lack of knowledge explains the lateness of the objection. In any event, since the failure to pay taxes due on a note does not constitute an affirmative defense, defendants are not required to undertake pre-trial discovery in order to determine whether the plaintiff has complied with the terms of the statute.
In summary, promissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court. In an action to enforce such a note, once the court discovers that the documentary taxes have not been paid, the court must dismiss the action without prejudice, or upon proper motion abate the action for a time sufficient to enable the plaintiff to purchase documentary stamps and affix them to the note. See Kotzen v. Levine, 678 F.2d 140 (11th Cir.1982). Accordingly, we reverse the final judgment entered below and remand this matter to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
GRIFFIN, C.J., and THOMPSON, J., concur.