739 So.2d 1266 (1999)
Stephen J. GREGSON, Appellant,
v.
Paula Marie Chiatello GREGSON, Appellee.
No. 98-02272.
District Court of Appeal of Florida, Second District.
August 25, 1999.
Dennis R. Long of Wilson, Wilson & Long, P.A., Palm Harbor, for Appellant.
Joan LoBianco Walker of Joan LoBianco Walker, P.A., St. Petersburg, for Appellee.
GREEN, Judge.
Stephen J. Gregson appeals the final judgment of dissolution of marriage concerning his brief marriage to Paula Marie Chiatello Gregson. The proceedings leading to the final judgment in this case were protracted and complex, in part because Mrs. Gregson was represented by a series of attorneys and in part because the case was handled by more than one circuit court judge.
Mr. Gregson raises several issues on appeal, of which we address two. We affirm the trial court's decision to give Mrs. Gregson half of the equity in the marital home because Mr. Gregson failed to prove that the asset was not marital. We reverse the retroactive award of temporary alimony by the last circuit court judge to handle this case because the award does not comport with the brevity of the marriage, Mrs. Gregson's employability, or the proceedings that took place before the initial trial court judge. All remaining issues are affirmed without discussion.
The parties lived together less than six months before their final separation. Stephen J. Gregson and Paula Gregson were married on April 20, 1996, having previously lived together in the residence of Mrs. Gregson. Both were employed prior to marriage, and by agreement, Mrs. Gregson terminated her employment shortly before marriage. She was previously earning approximately $30,000 per year selling medical supplies. She sold her home, netting an equity income of $10,000. The record is not entirely clear, but it would appear that her money either went into a joint account or was consumed by the parties jointly.
Mr. and Mrs. Gregson purchased a new home, titled in their joint names, which they occupied on August 4, 1996. This home was valued at $270,000 for the purpose of equitable distribution. The purchase price was substantially less. Although Mr. Gregson testified that he did not intend a gift with respect to Mrs. Gregson's having been listed as a title owner by the entirety, we affirm the trial court's order fixing her equal equity at *1267 $26,000. See § 61.075(3)(a)(5), Fla. Stat. (1997); Robertson v. Robertson, 593 So.2d 491 (Fla.1991).
The trial court also awarded the wife retroactive temporary alimony in the sum of $77,000, which included a credit for $7,000 previously paid, resulting in a net obligation of $70,000, plus prejudgment interest. This sum was calculated by an award of $3,500 per month, accruing from the final separation date of September 16, 1996, to the date of entry of the final judgment on February 19, 1998. It appears that the trial judge miscalculated the number of monthly payments for this period.
Nevertheless, the award of retroactive temporary alimony was error for several reasons. First, the wife effectively contracted away the right to claim temporary alimony in lieu of a $7,000 payment received from the husband. The wife agreed to withdraw her motion for temporary support in exchange for the $7,000 amount. Second, the short duration of the marriage and the wife's college education and employability trumped temporary support beyond the $7,000 amount. Last, the prior judge in the case had repeatedly denied continuing requests for temporary alimony. The trial judge who ordered the retroactive temporary alimony in effect acted as an appellate court. This was error. "The general rule is that a successor judge cannot review, modify, or reverse on the merits and on the same facts the final orders of a predecessor, unless there exists some special circumstances such as mistake or fraud upon the court." Blitch v. Owens, 519 So.2d 704, 705 (Fla. 2d DCA 1988). There were no special circumstances in this case to warrant a review of the decisions of the prior judge.
Affirmed in part, reversed in part.
ALTENBERND, A.C.J., and WHATLEY, J., Concur.