823 So.2d 268 (2002)
Michael J. PAINTER, Appellant,
v.
Gladys C. PAINTER, Appellee.
Nos. 2D01-627, 2D01-3006, 2D01-3016.
District Court of Appeal of Florida, Second District.
August 7, 2002.
*269 Joseph C. Hood, Tampa, and Donna S. Koch, Tampa, for Appellant.
Clifton C. Curry and Frank J. Nivert of Curry & Associates, P.A., Brandon, for Appellee.
NORTHCUTT, Judge.
In December 2000 the circuit court entered a final judgment dissolving the marriage of Michael and Gladys Painter. On Mrs. Painter's contested motion, the judgment incorporated a settlement agreement the parties negotiated early in their separation. It also reserved ruling on three issues: allocation of mortgages, temporary alimony, and attorney's fees. The court resolved these issues in two orders entered in April and May 2001. In this consolidated appeal, Mr. Painter challenges the final judgment and the subsequent orders on various grounds. We reverse the final judgment because the court erred in enforcing the settlement agreement. This reversal will affect some of the rulings in the court's subsequent orders, as we will explain.

A. THE SETTLEMENT AGREEMENT
The Painters married in March 1996. They started discussing divorce in 1997 and began settlement negotiations in early 1999. On February 10, 1999, they signed a settlement document the wife had drafted. The agreement required Mr. Painter to pay Mrs. Painter $260,000 on March 1, 1999, but he did not do so. Mrs. Painter consulted a lawyer after her husband failed to pay, and the lawyer recommended she obtain information concerning her husband's finances. In an April 1, 1999, letter, Mrs. Painter's attorney told the husband's counsel, "It appears that our respective clients have entered into an agreement which your client did not comply with and is therefore void. Notwithstanding your client's non-performance, there is no financial disclosure and my client was under duress at the time she entered the agreement."
In early April 1999, the husband's attorney sent financial information to the wife's attorney. Counsel also commented that Mr. Painter was still willing to negotiate a settlement. Several weeks later the wife's lawyer proposed she would settle the case for $395,000, plus one-half the proceeds from the sale of the marital home. Mr. Painter did not assent. The parties then attended mediation in May 1999, but again did not reach an agreement. The Painters continued to negotiate between themselves and reached a tentative agreement, but never signed it. At the end of May, Mr. Painter's attorney wrote the wife's counsel revoking all the husband's previous offers. *270 In the meantime, on May 14, Mrs. Painter had filed a petition for dissolution seeking equitable distribution, partition of the marital home, and attorney's fees. Her petition did not allege that the parties had entered into any property settlement agreement.
In a September 1999 letter, the wife again proposed that the parties attempt to settle. Around the same time, she amended her petition for dissolution. Again, she did not mention a settlement agreement. Mr. and Mrs. Painter attended another mediation in December 1999. On December 9, 1999, the wife's attorney wrote the husband's counsel, renewing the wife's last offer at mediation. In this letter the wife announced for the first time that if the husband rejected her offer, she would seek to hold him to the February 10 agreement. When Mr. Painter did not accept her offer, Mrs. Painter, as promised, filed a motion to enforce the agreement.
The order enforcing the February 10 agreement contained several reasons why the circuit court believed it was valid. But we hold that the court erroneously applied the law when it determined that the facts failed to establish the parties had abandoned the agreement. Abandonment of a contract is essentially rescission by mutual consent. It may be proved by showing that the acts of one party are inconsistent with the existence of the contract and that the other party acquiesced in those acts. McMullen v. McMullen, 185 So.2d 191, 193 (Fla. 2d DCA 1966).
Both Mr. and Mrs. Painter engaged in conduct that was inconsistent with the existence of the settlement agreement and each acquiesced in the other's acts. Mr. Painter failed to pay the amount promised to his wife on March 1, 1999. The April 1, 1999, letter from Mrs. Painter's counsel clearly acquiesced in that act by declaring that the agreement was "void" and that the wife was under duress when she signed it. See Maruri v. Maruri, 582 So.2d 116, 117 (Fla. 3d DCA 1991) (holding that parties abandoned marital settlement agreement when husband failed to pay and wife asked her attorney to dismiss the case). Even if Mr. Painter's failure to pay is viewed as a breach of the contract rather than an act inconsistent with its existence, Mrs. Painter's April 1 letter was itself inconsistent with the contract. Mr. Painter's reply that he was withdrawing all settlement offers was an acquiescence in her act. Moreover, the parties' subsequent actions, the numerous offers and counteroffers and attempts to mediate, were consonant with an abandonment of the February 10 settlement agreement. Cf. Posik v. Layton, 695 So.2d 759, 762 (Fla. 5th DCA 1997) (stating that the fact that one party continuously urged the other party to comply with the terms of a support agreement demonstrated that the agreement had not been abandoned).
Because we hold that the facts established the Painters' abandonment of the February 10 marital settlement agreement, we will address Mr. Painter's arguments concerning the circuit court's orders entered after the final judgment. Many of the court's rulings in these orders assumed that the settlement agreement was valid.

B. MR. PAINTER'S MORTGAGES
Mr. Painter argues that, if the February 10 settlement agreement was enforceable, the court failed to follow its dictates when it allocated money received from two mortgages he owned. Because we have reversed the court's finding that the parties were bound by that agreement, it will have to fashion an equitable distribution of their assets. Accordingly, we reverse the court's findings concerning the mortgages and remand for further proceedings.

C. TEMPORARY ALIMONY
Mrs. Painter first sought temporary alimony in June 1999, when the case was *271 before Judge Katherine Essrig. Judge Essrig awarded temporary alimony, but refused the wife's request to make the award retroactive to the date she filed her petition for dissolution. At the time of final hearing, Judge Herbert Baumann presided over the case. He determined that Mrs. Painter was entitled to temporary alimony during the pendency of the litigation from April 1999, when she filed her petition, through December 2000, when the final judgment was entered.
We find no error in the court's rulings on temporary alimony. Mr. Painter contends that our decision in Gregson v. Gregson, 739 So.2d 1266 (Fla. 2d DCA 1999), implies that a successor judge may not order retroactive temporary alimony payments when a predecessor judge has refused to do so. In Gregson we reversed the temporary alimony award because Mrs. Gregson had contracted away her right to claim such alimony in exchange for a lump sum payment of $7000, and further had no need for support above and beyond that amount. Id. at 1267. The portion of Gregson that Mr. Painter points to was unnecessary to the holding in that case. The Gregson court did cite Blitch v. Owens, 519 So.2d 704, 705 (Fla. 2d DCA 1988), for the proposition that a successor judge cannot modify his or her predecessor's orders except in certain circumstances. Blitch, however, applies only to final orders, not to nonfinal orders such as those granting temporary alimony. We recognize that our mention of the Blitch rule in Gregson was inaccurate. But the Gregson court correctly reversed the temporary alimony award on the basis of the parties' contract and the absence of need. Those issues are not present in this case, so Gregson does not support reversal here. We affirm the circuit court's award of temporary alimony to Mrs. Painter.

D. ATTORNEY'S FEES
The circuit court awarded Mrs. Painter $2500 in attorney's fees without setting out the hours her counsel expended or a reasonable hourly rate. The court did so because it believed that it was limited by the February 10 agreement and that the awarded amount was the maximum permitted under that agreement. Again, because we have determined the settlement cannot be enforced, this issue must be remanded for further proceedings. We are confident that if the court awards Mrs. Painter attorney's fees on remand, it will calculate the hours her counsel worked and a reasonable fee for her time.

E. CONCLUSION
We reverse the final judgment insofar as it enforced the February 10, 1999, settlement agreement and the court's subsequent orders concerning allocation of the mortgages and attorney's fees, and remand for further proceedings. We affirm the circuit court's ruling awarding Mrs. Painter temporary alimony.
ALTENBERND and CASANUEVA, JJ., Concur.