979 So.2d 1046 (2008)
WRJ DEVELOPMENT, INC., Appellant,
v.
NORTH RING LIMITED, Appellee.
Nos. 3D06-2468, 3D06-2541.
District Court of Appeal of Florida, Third District.
March 19, 2008.
Benitez & Associates and Leo Benitez and Lizette Benitez, for appellant.
Adorno & Yoss and Jack R. Reiter and Jason S. Miller, Miami, for appellee.
Before SUAREZ, CORTIÑAS, and SALTER, JJ.
CORTIÑAS, J.
WRJ Development, Inc. ("WRJ") appeals both the circuit court's final judgment in favor of North Ring Limited ("North Ring") and its denial of WRJ's motion to vacate the final judgment and for dismissal for failure to pay documentary stamps ("Motion to Vacate").
This appeal relates to property known as Lilandia, originally purchased by Rafael Ros through an entity known as Poinciana Lakes Development II ("Poinciana"). The Lilandia purchase was financed through a $1.3 million loan from Colonial Bank plus a $700,000 loan from North Ring, a lending company owned by Jaime Ardila ("Ardila").[1] Poinciana faced financial instability and in an attempt to protect North Ring's position, Ardila purchased Colonial Bank's note and mortgage through another of his companies, Southwest Florida Land ("Southwest"). Subsequently, Southwest initiated a foreclosure action on its note and mortgage. In June, 2000, North Ring commenced an action against Poinciana to enforce the Note and a final judgment was entered in North Ring's favor.
*1047 While this action was pending, Poinciana sold the Lilandia property to WRJ, whose principal owner is J.C. Alvarez. No written purchase and sale agreement was prepared and the sale constituted substantially all of the assets of Poinciana. Additionally, the attorney for Poinciana conceded that Rafael Ros instructed him to conceal the sale of the Lilandia property from Southwest and North Ring.
Subsequent to the Poinciana sale to WRJ, North Ring sued WRJ for the fraudulent transfer of the Lilandia property. In its findings of fact, the circuit court determined that Poinciana transferred the property with the "actual intent to hinder, delay, or defraud" North Ring and, therefore, satisfied the requirements for transferor liability as set forth in section 726.105, Florida Statutes. The circuit court detailed the following "badges of fraud" to support its finding: (1) the transfer was concealed from North Ring's principal and attorney; (2) there were two suits pending against Poinciana prior to the transfer being made; (3) the transfer constituted substantially all of Poinciana's assets; (4) Poinciana became insolvent after the transfer; (5) the transfer to WRJ occurred on August 28, 2000, shortly before North Ring obtained its January 16, 2001 final judgment to enforce the Note against Poinciana; (6) as required by the North Ring loan agreement, Poinciana did not obtain North Ring's written consent to the sale of the Lilandia property; and (7) there was not a written purchase and sale contract to evidence the sale of the Lilandia property to WRJ.
Next, the circuit court examined whether WRJ took the property in good faith, thereby establishing a defense to the fraudulent transfer. See § 726.109(1), Fla. Stat. The circuit court found that: (1) J.C. Alvarez, the owner of WRJ, knew about the existence of North Ring and the loan agreement it had with Poinciana; and (2) J.C. Alvarez was aware that the sale of the Lilandia property was being concealed from North Ring.
The circuit court's final judgment awarded damages to North Ring for $700,000, plus the interest rate specified on the Note, for a total of $1,439,543.40. Subsequently, WRJ filed its Motion to Vacate, which the circuit court denied. WRJ appealed both the order denying its Motion to Vacate and the final judgment of the circuit court. The two appeals were consolidated into this single appeal.
WRJ contends that, because North Ring failed to pay the documentary stamp tax on the Note prior to issuance of the final judgment against WRJ, the circuit court erred in denying its Motion to Vacate and for issuing the final judgment based on the unenforceable Note. We disagree.
Section 201.08(1) of the Florida Statutes states that "[t]he mortgage, trust deed, or other instrument shall not be enforceable in any court of this state . . . until the tax due thereon . . . has been paid." § 201.08(1), Fla. Stat. The case law is well established that, in an action to enforce a promissory note, the documentary taxes must be paid in order for the note to be enforceable in court. See Somma v. Metra Elec. Corp., 727 So.2d 302, 305 (Fla. 5th DCA 1999); Klein v. Royale Group, Ltd., 578 So.2d 394, 395 (Fla. 3d DCA 1991); Silber v. Cn'R Indus., Inc., 526 So.2d 974, 977 (Fla. 1st DCA 1988).
However, the action we have before us is not an action to enforce the Note. North Ring sought recovery against WRJ based on the fraudulent transfer of the Lilandia property and the circuit court found that, based on WRJ's transferee liability stemming from this sale, North Ring was entitled to damages. See Hansard Constr. *1048 Corp. v. Rite Aid, Inc., 783 So.2d 307, 308 (Fla. 4th DCA 2001) ("[A] plaintiff may recover money damages against the transferor under the so-called catchall provision . . . of the Uniform Fraudulent Transfer Act."). The case law relating to the enforceability of promissory notes pursuant to section 201.08(1) of the Florida Statutes is relevant only to actions seeking recovery pursuant to a note. See Somma, 727 So.2d at 302 (raising the issue of the enforceability of a promissory note); Klein, 578 So.2d at 395 (determining liability for failure to pay a promissory note); Silber, 526 So.2d at 975 (seeking recovery on a promissory note). As such, the payment of the documentary stamp tax as a prerequisite to enforcing a note in court is inapplicable to a fraudulent transfer case.
We therefore affirm the circuit court's final judgment and its denial of WRJ's Motion to Vacate.
Affirmed.
NOTES
[1] A promissory note (the "Note") was executed by North Ring and Poinciana and required Poinciana to notify North Ring if the Lilandia property was sold or transferred.