991 So.2d 1030 (2008)
Lawrence STROMINGER, Appellant,
v.
AmSOUTH BANK, Appellee.
No. 2D07-4971.
District Court of Appeal of Florida, Second District.
October 15, 2008.
*1031 Charles M. Schropp and Charles P. Schropp of Schropp Law Firm, P.A., Tampa, for Appellant.
John H. Pelzer and Robin F. Hazel of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellee.
ALTENBERND, Judge.
Lawrence Strominger appeals a nonfinal order compelling arbitration of his claim against AmSouth Bank. We conclude that the trial court erred in compelling arbitration because AmSouth Bank waived arbitration when this claim was pending as a small claim in county court and, at least under the circumstances of this case, nothing associated with the amendment of the claim and transfer of the case to circuit court entitled AmSouth Bank to a second opportunity to demand arbitration.
On February 2, 2004, Mr. Strominger filed a pro se statement of claim in the small claims division of the Hillsborough County Court seeking $5000 from AmSouth Bank for "excessive check charges, inadequate notification of holds on checks, incorrect address information and incorrect credit reporting." This court's record does not contain all of the filings from the county court, but it reflects that the claim was mediated without success and set for trial on two occasions. On both occasions the case was continued.
In July 2004, an attorney appeared in the lawsuit on behalf of Mr. Strominger and filed an amended statement of claim. The amended claim alleged a violation of the Florida Consumer Collection Practices Act, sections 559.55-559.785, Florida Statutes (2003), and specifically alleged that AmSouth Bank provided false and inaccurate information for Mr. Strominger's credit report, charged him excessive banking *1032 fees, disclosed false information to third parties, and failed to give proper notice to him regarding his accounts.
Our record does not contain factual detail regarding Mr. Strominger's complaints against AmSouth Bank, but the representations of counsel in the various hearings and pleadings suggest the complaints revolve around Mr. Strominger obtaining a bank account and loan from AmSouth Bank, with provisions that permitted the loan to be paid directly from the bank account. It appears that some glitch occurred in this process, the loan went unpaid for some period of time as a result, and the parties disagree about who is at fault and whether ensuing bank charges or credit reporting actions were appropriate under the circumstances. AmSouth Bank's Customer Agreement for Depository Accounts, which apparently applied to Mr. Strominger's accounts, provided for arbitration of disputes such as these.
Mr. Strominger sought to transfer the claim to circuit court in September 2005 without amending this statement but maintaining that the claim now involved more than $15,000. This request was denied. AmSouth Bank thereafter filed an answer in county court in May 2006, alleging as its first affirmative defense that "all the claims and causes of action asserted in Plaintiff's Complaint may be subject to arbitration." Despite this allegation, AmSouth Bank did not file a motion to compel arbitration, ostensibly because the claim involved minimal monetary exposure. Rather, the parties engaged in discovery and filed various motions in the county court proceeding. Notably, AmSouth Bank filed a motion for summary judgment with supporting affidavits in February 2006. This motion was not resolved, however, before the entry of the order compelling arbitration that we now review.
On October 6, 2006, Mr. Strominger's counsel filed a motion to amend the claim and transfer this action to circuit court, claiming once again that the amount in controversy exceeded $15,000. He attached a proposed second amended statement of claim that requested damages in excess of $15,000 but otherwise tracked much of the language of the amended statement of claim filed in county court. This second amended statement of claim did not add any parties or alter the legal theories involved.
AmSouth Bank objected to the amendment and transfer. It asserted there was no good faith basis for the amendment. At a hearing in November 2006, AmSouth Bank also argued to the county court judge that if the transfer were granted, AmSouth Bank should be entitled to demand arbitration. Counsel for AmSouth Bank admitted there was no case law supporting this position, but argued that to hold otherwise "simply is not fair under the circumstances."
The county court judge indicated that he was going to grant the motion to amend the claim and transfer the claim to circuit court. With regard to the arbitration issue, the county court judge stated, "[I]f, in fact, [AmSouth Bank] file[s] an appropriate pleading at a later time . . . then [the parties] can argue as to whether or not [AmSouth Bank] ha[s] the right to request arbitration." After some dispute over the wording of an appropriate order, the judge signed an order stating, "Because this matter has been transferred from small claims to the circuit court, the defendant may, without consideration of waiver, demand that this action should be submitted to arbitration, as if said demand had been made when the action was first filed." However, the county court judge orally indicated his opinion that the quoted language "does not preclude [Mr. Strominger] from attacking [AmSouth Bank's] position *1033 that [it] has not waived [arbitration]. What this does is allow [AmSouth Bank] to file the necessary documentation making the request."
In the interim, Mr. Strominger, through his same counsel, filed a separate lawsuit in the circuit court against AmSouth Bank in April 2006. This lawsuit was apparently based on the same transactions and occurrences as the first lawsuit, but it asserted a separate basis for recovery of damages under federal laws relating to credit reporting and billing. Mr. Strominger moved to consolidate the two cases, but AmSouth Bank objected. In a pleading filed in September 2006, AmSouth Bank asserted that it would be demanding arbitration in the new case, and that consolidation was not appropriate because the first case was pending in the courts and the second should be abated and ordered to arbitration. AmSouth Bank suggested, however, that it might not object to consolidation if both claims were arbitrated. The circuit court in the second case agreed that consolidation was not appropriate, and the second case was ultimately abated in favor of arbitration.
When the present case was transferred to the circuit court in November 2006, AmSouth Bank answered the second amended complaint again alleging that the claims "may be subject to arbitration." It filed its first motion to compel arbitration in January 2007, nearly three years after this lawsuit was filed.[1] The motion to compel arbitration was amended and eventually considered by the circuit court at a hearing in August 2007.
The circuit court granted the motion, rendering the order that is now on appeal. The circuit court was persuaded that arbitration was appropriate for at least two reasons. First, it concluded that the county court had already decided that AmSouth Bank should not be deemed to have waived arbitration by participating in the county court lawsuit for several years once the case was transferred to circuit court. The circuit court asserted it could not "rehear or reconsider" the county court's order nor "sit as an appellate judge" over that decision.
Perhaps more important to the circuit court was the fact that Mr. Strominger had filed the second lawsuit against AmSouth Bank based upon similar facts and that the second lawsuit was already ordered to arbitration. From a practical perspective, the circuit court judge reasoned that the two interrelated matters should be consolidated in a single arbitration, thus making arbitration appropriate in this case.
We conclude the circuit court erred in compelling arbitration under either of these theories or under the theory that the transfer of the case from small claims in county court to circuit court somehow supported a new claim for arbitration after AmSouth Bank had waived its right to arbitration. We therefore reverse.
As we recently explained in United Vacation Network, Inc. v. Tahiri, 987 So.2d 244, 245 (Fla. 2d DCA 2008) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)), "The trial court's task in considering a motion to compel arbitration is limited to deciding (1) whether there is a valid written agreement to arbitrate, (2) whether there is an arbitrable issue, and (3) whether the right to arbitration was *1034 waived." This case involves only the third issuewhether AmSouth Bank waived its right to arbitrate.
A party can waive its right to arbitrate by "active participation" in litigation. State Farm Fire & Cas. Co. v. Kaplan, 596 So.2d 101 (Fla. 2d DCA 1992) (quoting Finn v. Prudential-Bache Sec., Inc., 523 So.2d 617, 618, 619-20 (Fla. 4th DCA 1988)). Waiver by active participation does not require proof of prejudice; it merely requires activity that constitutes or implies a voluntary and intentional relinquishment of a known right. See Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). Although there is no precise definition of "active participation," if this lawsuit were the only lawsuit pending between the parties and it had remained in county court, it is clear that AmSouth Bank would not have been entitled to demand arbitration after engaging in at least limited discovery and moving for summary judgment. The decision to file a motion for summary judgment on the merits is a specific action that is generally considered to be inconsistent with the right to arbitrate. See Inverrary Gardens Condo. Ass'n, Inc. v. Spender, 939 So.2d 1159, 1161-62 (Fla. 4th DCA 2006); Woodall v. Green Tree Fin. Servicing Corp. 755 So.2d 681, 682 (Fla. 4th DCA 1999); Lapidus v. Arlen Beach Condo. Ass'n, Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981).[2]
AmSouth Bank essentially presents three arguments in support of permitting a different result than that called for in the case law discussed above. First, it asserts the circuit court was correct in concluding it was bound by the county court's earlier order. Second, it claims that the filing of the second related lawsuit and the referral of that lawsuit to arbitration should allow a reopening of the right to arbitrate the first lawsuit based upon considerations of practicality and efficiency, as concluded by the circuit court. Finally, AmSouth Bank argues that by increasing the amount in controversy and transferring the case to circuit court, Mr. Strominger is no longer entitled to argue that AmSouth Bank waived arbitration and that AmSouth Bank is thus now entitled to make a delayed demand to arbitrate the dispute. In the context of this case, we reject all three arguments.
First, the county court's nonfinal order permitting Mr. Strominger to amend his claim and transfer the action to circuit court had no preclusive effect on the circuit court, notwithstanding the language of the order addressing the issue of arbitration. Given the county court judge's oral pronouncement on this issue, it is questionable that the county court actually decided this issue in the first place. Indeed, no motion to compel arbitration was before the county court and thus no issue of waiver was ripe for resolution by the county court judge. More important, a nonfinal or temporary order may be revisited by a judge at any time before the conclusion of the case, even by a successor judge. See, e.g., Painter v. Painter, 823 So.2d 268, 271 (Fla. 2d DCA 2002). Although the amendment of this claim happened to result in a transfer of the case to the circuit court, that action did not deprive the circuit court judge of jurisdiction to reconsider or review the prior nonfinal orders entered in the cause.
Second, while there is some practical appeal to allowing arbitration of the first lawsuit in light of the order requiring arbitration in the second lawsuit, there is *1035 no support in the case law for requiring arbitration despite a waiver based upon such considerations. In a reverse context, this court has in fact suggested directly to the contrary, stating "that considerations of judicial economy have no role to play in determining whether the parties' dispute is subject to arbitration." The Hillier Group, Inc. v. Torcon, Inc., 932 So.2d 449, 453 (Fla. 2d DCA 2006) (reversing order denying motion to compel arbitration; rejecting argument that judicial economy was valid basis for denying the motion in order to permit related claims, some of which were subject to arbitration and some of which were not, to be tried together). In this case, the second lawsuit was filed approximately two years after the first lawsuit. By the time it was filed, AmSouth Bank had been actively litigating the first lawsuit for a long time. Mr. Strominger had every reason to believe that AmSouth Bank had already decided not to arbitrate this claim and no reason to believe that he would waive his access to courts in the first lawsuit by filing the second action.
Moreover, AmSouth Bank's argument on this point is in direct contrast to its position when Mr. Strominger filed the second lawsuit and affirmatively sought to consolidate that case with this one. AmSouth Bank opposed the consolidation, noting in a written objection that the circuit court case was "a completely separate action." AmSouth Bank then allowed the county court case to proceed for months thereafter. Under these circumstances, we are simply unconvinced that these facts establish a legal basis to relieve AmSouth Bank of its own earlier decision to litigate this relatively small dispute on the legal theory presented.
Finally, AmSouth Bank asserted before the circuit court and asserts on appeal that it should be provided a second chance to demand arbitration because Mr. Strominger amended the action in a manner that requested additional damages and required the transfer of the case from county court to circuit court. AmSouth Bank has not located any controlling case law or any persuasive case law based on similar facts to support its position. We are not persuaded that Mr. Strominger's decision to demand a larger amount in controversy, which required the case to be transferred to circuit court, reopens the issue of arbitration. The increased demand in this case was relatively modest. It was not based on new legal theories, it did not add new parties, and it did not significantly change the nature of the lawsuit. If we were to hold that such an amendment to a pleading reopened the right to demand arbitration in a lawsuit, then virtually any amendment might allow for such an argument. Once a party has waived its right to arbitration by actively participating in litigation with a specific party on a specific legal theory, the dispute should remain in the judicial forum notwithstanding modest shifts in pleadings, strategy, or evidence.[3]
Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this decision.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] The case law suggests that a mere delay in filing a motion to compel arbitration is a matter of inaction rather than action and is not necessarily evidence of active litigation that results in a waiver. See, e.g., Alderman v. City of Jacksonville, Fire & Rescue Div., 902 So.2d 885, 887 (Fla. 1st DCA 2005); Pub. Health Trust of Dade County v. M.R. Harrison Constr. Corp., 415 So.2d 756, 758 (Fla. 3d DCA 1982). In this case, the period of delay was also a period in which the litigation was procedurally active.
[2] Because AmSouth Bank filed this motion for summary judgment after the amended claim was filed by Mr. Strominger's attorney in county court, we do not need to decide whether AmSouth Bank lost the right to demand arbitration during the period when the action was pending on the pro se statement of claim.
[3] Whether a major shift in legal theory or the revelation of earlier concealed evidence or some other foundational change in the litigation could warrant a basis to permit a party to demand arbitration after it has already been waived is not an issue presented by these facts.