SUAREZ, J.
Marcial Solis, MSA Crestview II, LLC, Marsol Corporation, Crestview II, Ltd., and Marsol One, LLC, (“Crestview”) appeal a final judgment in favor of Nydia Lacayo pursuant to a settlement agreement between the parties providing for the repayment of two promissory notes. We reverse on grounds that, at the time the final judgment was entered, the documentary stamp taxes had not been paid by Lacayo, and the notes were not enforceable pursuant to section 201.08(l)(a), Florida Statutes (2011).
*1148 On April 19, 2006, Crestview executed a promissory note in favor of Lacayo that was secured by personal and real property. On October 12, 2007, Crestview executed a second promissory note secured by personal and residential property. Crest-view failed to make the required payments, and on September 1, 2009, Lacayo filed a complaint for foreclosure and breach of guarantee. On May 6, 2010, the parties entered into a stipulation for settlement requiring Crestview to make monthly interest payments and by May 1, 2011, pay back the principal and interest on the. two notes. The parties also agreed to toll any statute of limitations on the foreclosure claims. On May 1, 2011, Crestview failed to pay the principal, and on May 18, 2011, Lacayo filed a motion for entry of final judgment and attorney’s fees pursuant to the stipulation. On July 20, 2011 the trial court entered an order approving the stipulation and entered final judgment. On July 27, 2011, Crestview filed its motion for rehearing and to vacate the final judgment, arguing that the documentary stamps had not been paid and that the notes could not be enforced. On August 4, 2011, Lacayo moved for and received a writ of garnishment, not objected to by Crestview, which was executed and served. On August 11, 2011, the trial court abated the action for twenty days to provide La-cayo time to pay and affix the documentary stamps.[1] Lacayo paid the documentary stamps on August 24, 2011, after Crest-view had filed its notice of appeal on August 18, 2011.
On appeal, Crestview contends that the trial judge erred by entering a final judgment at a time when the documentary stamp taxes had not yet been paid on the notes. See § 201.08(l)(a). We agree and reverse.
Even though we find error in the trial court’s entering a final judgment when the documentary stamp taxes had not been paid, the taxes were paid shortly thereafter and within the twenty days in which the trial court had abated the action so that the taxes could be paid. Crestview does not deny that the notes have not been paid and can prove no damages as a result of the entry of judgment. The writ of garnishment, although entered prior to the time the action was abated, caused no damage, as the bank upon which it was served held no Crestview money subject to the writ. In sum, we are presented with the following: a final judgment against Crestview, the promisor of two promissory notes, which does not dispute that the notes have not been paid; the final judgment entered prior to purchase of documentary stamps, purchased and affixed within the time allocated by the trial court; a writ of garnishment, not objected to by Crestview, executed and served upon a bank which held no funds to garnish; and an appellant, Crestview, which cannot establish damages caused by the entry of the final judgment prior to the purchase of the documentary stamps. Therefore, although we reverse the trial court, on remand, we order that the final judgment shall be reinstated nunc pro tunc to the date that the documentary stamp taxes were paid, August 24, 2011.
Reversed and remanded.

. In an action to enforce a promissory note, when the trial court discovers that the documentary taxes have not been paid, the trial court must either dismiss the action without prejudice, or, upon motion, may abate the action to enable the party to purchase and affix the documentary stamps. Somma v. Metra Elecs. Corp., 727 So.2d 302 (Fla. 5th DCA 1999).