DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANAMARIE M. SCHROEDER** a/k/a **ANAMARIA M. SCHROEDER** a/k/a
**ANAMARIE SCHROEDER** a/k/a **ANAMARIA SCHROEDER**
a/k/a **ANA SCHROEDER,**
Appellant,

v.

**MTGLQ INVESTORS, L.P.,**
Appellee.

No. 4D18-3177

[September 18, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. 06-2016-CA-003170.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellant.

Christophal C.K. Hellewell, Chase A. Berger and Tara L. Rosenfeld of Ghidotti | Berger LLP, Miami, for appellee.

CONNER, J.

Anamarie M. Schroeder ("Appellant") appeals the trial court's final judgment of foreclosure entered in favor of MTGLQ Investors, L.P. ("the lender"). Because the required documentary stamp and intangible taxes were not paid on a portion of the loan enforced by the judgment, we reverse the final judgment entered by the trial court and remand with instructions.

*Background*

The lender was substituted as the party plaintiff in this underlying mortgage foreclosure suit against Appellant. In the operable amended complaint, the lender alleged that the parties had modified the loan documents. Attached to the amended complaint was a copy of the loan modification agreement, in addition to the note and mortgage. The loan modification agreement stated that it amended and supplemented the mortgage and note. It provided that the original principal balance was

increased, stating a "New Principal Balance" that was $20,535.94 more than the original balance and describing the new principal balance as "consisting of the amount(s) loaned to the Borrower by Lender, which may include, but are not limited to, any past due principal payments, interest, fees and/or costs capitalized to date." The loan modification agreement provided for a "Deferred Principal Balance," which was a specific amount of the "New Principal Balance" which did not accrue interest and for which monthly payments were not required, leaving an "Interest Bearing Principal Balance." The "Interest Bearing Principal Balance" accrued interest at a fixed percentage and was payable in a minimum monthly amount. Finally, the loan modification agreement provided that if the full balance due under the note was not fully paid before the stated "Maturity Date," Appellant would pay the full balance due on the note on the "Maturity Date."

It does not appear the documentary stamp taxes or the intangible tax on the increased principal balance under the loan modification had been paid prior to or while the case was pending in the trial court.[1] Appellant filed her answer to the amended complaint below but did not raise any defense regarding the payment of those taxes. Following a non-jury trial, the trial court entered final judgment of foreclosure in favor of the lender.

Appellant gave notice of appeal.

*Appellate Analysis*

"Questions of law, such as the interpretation of statutes, are reviewed de novo." *Toler v. Bank of Am. Nat'l Ass'n*, 78 So. 3d 699, 701-02 (Fla. 4th DCA 2012) (citing *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 373 (Fla. 2008)).

On appeal, the parties agree that the lender paid the documentary stamp tax and intangible tax due on the original amount of the loan, but failed to pay those taxes on the increased amount of the principal balance under the loan modification agreement prior to entry of the final judgment. Appellant contends that the final judgment should be reversed because

---

[1] The answer brief asserts that the lender subsequently recorded the loan modification agreement and paid the documentary stamp taxes and intangible taxes due. An appendix supporting the assertion was filed, containing a copy of the recorded loan modification which affixed the documentary stamp tax and intangible taxes thereto. However, because the assertion and appendix reference activity occurring while this appeal was pending and after the entry of the final judgment, we ignore both the assertion and the appendix.

the lender's failure to pay the requisite taxes rendered the note and mortgage unenforceable, making the instruments unenforceable when the final judgment was entered. In support of this argument, Appellant relies on sections 201.08(1)(b) and 199.282(4), Florida Statutes (respectively imposing a documentary stamp tax and an intangible tax). § 201.08(1)(b), Fla. Stat. (2018); § 199.282(4), Fla. Stat. (2018). Appellant further contends the Third, Fourth, and Fifth Districts have "uniformly" recognized that these sections do not constitute affirmative defenses and that a defendant is not required to plead such or even raise the issue in the trial court for the matter to be reviewable on appeal.

Because the final judgment was for an amount that included the increased principal balance of the loan, for which the documentary stamp and intangible taxes were not paid at the time the judgment was entered, we agree the final judgment must be reversed, despite the fact that the problem was not brought to the trial court's attention. § 201.08(1)(b), Fla. Stat. ("The mortgage, trust deed, or other instrument shall not be enforceable in any court of this state *as to any such advance* unless and until the tax due thereon upon each advance that may have been made thereunder has been paid.") (emphasis added); § 199.282(4), Fla. Stat. ("No mortgage, deed of trust, or other lien upon real property situated in this state shall be enforceable in any Florida court . . . until the nonrecurring tax imposed by this chapter, *including any taxes due on future advances*, has been paid and the clerk of circuit court collecting the tax has noted its payment on the instrument or given other receipt for it.") (emphasis added).

We determine that an appellate disposition similar to the one used by the Third District in *Solis v. Lacayo*, 86 So. 3d 1147, 1148 (Fla. 3d DCA 2012) is appropriate in this case. Thus, we reverse the final judgment and direct that on remand the trial court shall vacate the judgment, but also direct that another final judgment may be entered without further hearing upon the submission of proof that the required documentary stamp and intangible taxes have been paid. The trial court may set a further hearing, if it deems it appropriate.

*Reversed and remanded with instructions.*

WARNER and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3