# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-1835
Lower Tribunal No. 18-22178

————————

## Wilmington Trust, N.A., etc.,
Appellant,

vs.

## Alberto Serpa, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Atlas | Solomon, PLLC, and Eric S. Matthew, Adam G. Schwartz and Dorothy Ann A. Dlugolecki (Stuart), for appellant.

Corona Law Firm, P.A., and Ricardo Corona, Ricardo M. Corona and Yung Truong, for appellees.

Before LOGUE, HENDON and BOKOR, JJ.

BOKOR, J.

Wilmington Trust, N.A., sought to foreclose on property owned by Alberto and Maria Serpa based on nonpayment and default of the terms of a promissory note, original mortgage, and loan modification agreements. At the trial, after Wilmington rested, the Serpas moved for involuntary dismissal based on section 201.08(1)(b), Florida Statutes, which precludes the enforcement of a mortgage, trust deed, or other instrument where documentary stamp taxes have not been paid. After denying Wilmington's request for continuance or abatement, the trial court granted the Serpas' motion for involuntary dismissal and subsequently entered final judgment in favor of the Serpas. Wilmington appeals. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).

Wilmington claims that the trial court erred by: (1) granting the Serpas' motion for involuntary dismissal rather than granting their motion for continuance to provide proof of payment of the documentary stamp taxes; (2) failing to allow Wilmington to proceed on the portion of the mortgage in which the documentary stamp taxes had been paid; and (3) on rehearing, failing to reopen the evidence to allow Wilmington the opportunity to introduce evidence of payment of the documentary stamp taxes and instead

granting final judgment. As explained below, we affirm in part and reverse in part.

We find no abuse of discretion in the trial court's granting of the Serpas' motion for involuntary dismissal. Solis v. Lacayo, 86 So. 3d 1147, 1148, n.1 (Fla. 3d DCA 2012) ("In an action to enforce a promissory note, when the trial court discovers that the documentary taxes have not been paid, the trial court must **either dismiss the action <u>without prejudice</u>, or, upon motion, may abate the action to enable the party to purchase and affix the documentary stamps**.") (emphasis added) (citing Somma v. Metra Elecs. Corp., 727 So. 2d 302 (Fla. 5th DCA 1999)). Accordingly, we leave such determinations to the sound discretion of the trial court.[1]

---

[1] Although the trial court had the discretion to involuntarily dismiss the portion of the foreclosure action on the instrument for which taxes had not been paid, it erred in denying Wilmington's request at trial to proceed on the original mortgage for which Wilmington undisputedly paid the documentary stamp taxes. See Nikooie v. JPMorgan Chase Bank, N.A., 183 So. 3d 424, 433–44 (Fla. 3d DCA 2014) (permitting enforcement of the portion of the mortgage where documentary stamp taxes had been paid but remanding the trial court's determination as to the surplus proceeds because the record did not establish that taxes were paid on the additional sums above the first mortgage payoff). Accordingly, while the trial court is in the best position to manage its docket, under the circumstances, since at least part of the trial should have proceeded, a short abatement in order to avoid a piecemeal trial may have been the most efficient use of the court's and the parties' resources and time.

But what began as a discretionary act of dismissal turned to error based on the trial court's subsequent entry of final judgment without regard to Wilmington's payment of the outstanding taxes and timely motion to reopen the evidence to consider such payment. After the involuntary dismissal, Wilmington timely filed both a "motion for rehearing *and alternatively* to reopen the evidence" and a "notice of filing proof of tax payment, recorded loan modification agreement." In deciding whether to reopen a case, a court must consider: the timeliness of the request, the character of the evidence sought to be introduced, the effect of allowing the evidence to be admitted, and the reasonableness of the excuse justifying the request to reopen. Lovelass v. Hutchinson, 250 So. 3d 701, 705 (Fla. 4th DCA 2018). Here, Wilmington presented a timely request to introduce relevant evidence (the subsequent payment of documentary stamp taxes on the loan modification) to allow the case to be tried on its merits.[2] Accordingly,

---

[2] The failure to pay documentary stamp taxes was first raised by the Serpas during trial, at the conclusion of Wilmington's case in support of their motion for involuntary dismissal. Contrary to Wilmington's argument on appeal, the Serpas were not required to raise the issue of noncompliance with the statue pretrial. See Somma, 727 So. 2d at 304–05 ("[S]ince the failure to pay taxes due on a note does not constitute an affirmative defense, defendants are not required to undertake pre-trial discovery in order to determine whether the plaintiff has complied with the terms of the statute."). However, the fact that such nonpayment was raised for the first time at trial goes to the reasonableness of Wilmington's request to reopen the matter.

on rehearing, the trial court should have allowed Wilmington to reopen the case to admit evidence of proof of payment of the documentary stamp taxes.

Proof of payment of the documentary stamp tax would have allowed the matter to be tried on the merits rather than being involuntarily dismissed due to this procedural technicality.  See U.S. Bank Nat'l Ass'n v. Amaya, 254 So. 3d 579, 583 (Fla. 3d DCA) ("Generally, an involuntary dismissal without prejudice does not operate as an adjudication on the merits."); see also E.I. DuPont De Nemours & Co., Inc. v. Sidran, 140 So. 3d 620, 623 (Fla. 3d DCA 2014) ("[T]he courts of this state favor adjudications on the merits."). Accordingly, we affirm in part, reverse in part, and remand with instructions to allow Wilmington to proceed on the original promissory note and mortgage as well as the loan modification since the record reflects that documentary stamp taxes have since been paid.

Affirmed in part, reversed in part, and remanded with instructions.

---

Once brought to its attention, Wilmington did not delay in seeking a brief abatement or continuance to pay and provide proof to the court.

Additionally, the initial dismissal should have been without prejudice. See Lacayo, 86 So. 3d at 1148, n.1.  The record provides no basis for entry of final judgment where, as here, Wilmington timely moved to correct the issue.  Finally, although the court chose not to exercise its discretion to abate the action, the fact that it could have done so suggests that the Serpas would suffer no prejudice from the similar act of reopening the case to allow evidence of payment.  Under the circumstances, the trial court's failure to reopen the case constituted an abuse of discretion.