526 So.2d 974 (1988)
Esther F. SILBER, Saul Silber, O.G. Feaster, Jr., Beacher's Lodge, Inc., a Florida Corporation, and Affordable Construction Company, a Florida Corporation, Appellants,
v.
Cn'R INDUSTRIES OF JACKSONVILLE, INC., d/b/a Cooper Mechanical Contractors, Appellee.
No. 87-582.
District Court of Appeal of Florida, First District.
May 27, 1988.
*975 Stephen B. Rakusin of Rakusin & Ivey, P.A., Gainesville, for appellants.
Jeffrey D. Dunn, Jacksonville, for appellee.
ZEHMER, Judge.
Esther Silber, Saul Silber, O.G. Feaster, Jr., Beacher's Lodge, Inc., and Affordable Construction Company, the defendants below, appeal a final judgment entered in favor of Cn'R Industries of Jacksonville, d/b/a Cooper Mechanical Contractors, which granted appellee Cooper recovery on a promisory note, with interest and attorney's *976 fees, and denied appellants recovery on their counterclaims.
This case arises out of the construction of a hotel and condominium known as Beacher's Lodge. The Silbers, Feaster and Beacher's Lodge, Inc., are the owners of the project. Affordable Construction Company is the general contractor. Cooper had entered into a subcontract with Affordable to provide the plumbing and mechanical work described in the general contract, plans and specifications for the project. Cooper in turn subcontracted the plumbing work to C.S. Rutledge Plumbing Co., Inc. Rutledge performed a portion of the plumbing work and then left the job claiming nonpayment by Cooper.
Sometime prior to May 20, 1986, a dispute arose between Cooper and Affordable concerning payments for work performed by Cooper. Cooper claimed that Affordable owed it $135,000. Affordable disputed the adequacy of Cooper's work. This dispute was settled on May 20, 1986, and settlement was evidenced by a written settlement agreement executed by Affordable and Beacher's Lodge, referred to collectively as "owner," and Cooper, referred to as "a subcontractor of owner." This agreement purported to "resolve all disputes and disagreements that may exist between them amicably," and required, among other things, that: (1) owner will release all claims against Cooper except "payments due subcontractors or suppliers to Cooper and claims which arise from latent defects not known of at time of execution of this agreement"; (2) owner will pay Cooper a total of $95,000, $45,000 payable upon execution of the agreement and the balance covered by a note for $50,000, to be signed by Affordable, Beacher's Lodge, the Silbers and Feaster, and made payable to Cooper in 90 days, with 12% interest due after 90 days, and "attorney fees for collection"; (3) Cooper will deliver releases of lien from its subcontractors, including Rutledge; (4) Cooper will "finish the work under the plumbing contract and Fire Standpipe System contract"; and (5) "this agreement is intended to be a complete resolution of all rights between the parties and there are no additional or oral agreements or understandings other than those set forth herein." Pursuant to this agreement, a note was executed by the designated parties. No documentary tax stamps were affixed to the note, however.
When the 90-day period passed and payment was not made, Cooper brought suit against appellants to enforce the note. As affirmative defenses, appellants alleged failure of consideration because Cooper (a) had not obtained releases of liens and paid all subcontractors and suppliers, and (b) had not completed work on the Standpipe System of the project, as required by the settlement agreement. Appellants further alleged (c) a right to set-off or reduction of the amount due Cooper on the note to the extent of damages incurred by appellants due to Cooper's failure to perform its subcontract with Affordable, and (d) that the note was "unenforceable under applicable Florida law." Appellants also filed a counterclaim for damages.
The case went to trial and Cooper presented evidence to establish his claim on the note. The note was introduced in evidence without the required documentary tax stamps affixed or any other proof that such tax had been paid. After Cooper rested its case, appellants moved to dismiss Cooper's cause of action to enforce the note, contending among other things that the note was unenforceable for failure to comply with section 201.08, Florida Statutes (1985). That section requires that documentary tax stamps due on a promissory note must be paid and affixed before the note can be enforced by any court of this state. After some discussion regarding the applicability of section 201.08(1) to the note in this case, the trial court allowed Cooper to reopen its case, remove the note from evidence, purchase the requisite documentary stamps and affix them to the note, and again place the note, now properly taxed, in evidence. The trial court then denied appellants' motions and proceeded to hear appellants' evidence in support of their other affirmative defenses and the counterclaim. At the conclusion of all the evidence, the court entered judgment for Cooper in the full amount of the note plus *977 interest, and awarded Cooper attorney's fees in the amount of $18,500 pursuant to the terms of the note.
Appellants raise three points on appeal. The first point asserts, essentially, that the trial court erred in entering judgment for Cooper in the full amount of the note because appellees established their defenses of failure of consideration and set-off. This argument is premised primarily on Cooper's alleged failure to pay its subcontractors and complete its part of the work in a timely fashion. Our review of the record reveals no error by the trial court in respect to its ruling on these defenses. The settlement agreement did not contain any provision requiring Cooper to pay its subcontractors as a condition of performance.[1] Moreover, neither the settlement agreement, the general contract nor Cooper's subcontract contained any explicit provision requiring completion of the work on or before the Memorial Day holiday weekend, and none of the provisions of these documents required the trial court to imply such an obligation, as argued by appellants.
Appellants' second point contends that the court below erred in permitting recovery on the note because it was unenforceable under section 201.08 and the court should not have permitted appellants to reopen their case to correct this material deficiency in their case. They argue that the trial court abused its discretion in allowing Cooper to reopen its case, withdraw the note, pay the tax, and affix the documentary stamps to correct this legal impediment to enforcement of the note after appellants had rested their case. Appellants' point three is somewhat interrelated and contends that the trial court erred in awarding attorney's fees to appellee in the amount of $18,500 because (1) the note was unenforceable due to appellee's failure to purchase the requisite documentary stamps, and (2) appellee failed to lay a credible foundation upon which the trial court could assess a reasonable fee in accordance with the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We discuss these two points together.
At the outset, we hold that the attorney's fee award was erroneous and must be reversed because the trial court failed to comply with the criteria established in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). See also Multitech Corporation v. St. Johns Bluff Investment Corporation, 518 So.2d 427 (Fla. 1st DCA 1988). Therefore, the attorney's fee award must be reversed and remanded for compliance with this authority.
The provisions of section 201.08 apply to the note in this case, and there was no error in the lower court so ruling. This statutory provision is concerned primarily with enforcement of the taxing statutes and collecting monies due the state for documentary stamps on designated instruments. Until Cooper paid the tax due and affixed the requisite documentary stamps to the promissory note, its suit was based upon an unenforceable note. Yet the mere fact that the tax has not been paid when due does not render the note forever unenforceable, as "nothing in Florida law would deny enforceability of promissory notes merely because documentary stamps have been belatedly affixed." Owens v. Blitch, 443 So.2d 140 (Fla.2d DCA 1984). But once the tax has been paid and the documentary stamps affixed, however belatedly, the note becomes enforceable according to its terms.
Appellants argue that the trial court should have granted their motion, based on the legal insufficiency of the evidence to prove an enforceable note, to dismiss Cooper's cause of action without prejudice to refiling it after payment of the tax due, citing Kotzen v. Levine, 678 F.2d 140 (11th Cir.1982) (appellate court found no error in the trial court's having dismissed plaintiff's *978 complaint to enforce a note not complying with section 201.08 without prejudice for failure to have the documentary tax stamps affixed to the note, rather than with prejudice as argued by defendant). Appellants oppose the procedure followed by the court below, not only on obvious public policy grounds,[2] but also because it served to establish Cooper's right to an award of attorney's fees for enforcing the otherwise unenforceable note. Thus, they argue, had the court below followed Kotzen and dismissed the action without prejudice, Cooper would not have been the prevailing party at this trial and would not have been entitled to an attorney's fee. At the very least, appellants argue, Cooper "would not be entitled to attorney's fees for the time spent prior to resting its case in attempting to enforce the promissory note" because "the attorney's time spent was not reasonable or necessary due to the unenforceability of the note." (Appellants' Brief, p. 20.) They correctly point out that this defense had been raised in their answer early in the case, and that Cooper was aware of the failure to pay the tax, yet did nothing to correct this legal impediment to enforcement of the note prior to concluding the presentation of evidence in its case.
We first consider the law applicable to the power of the trial court to permit the case to be reopened for the purpose of receiving additional evidence by a party. As a general rule, the trial court has broad discretion to allow a party to reopen its case and present additional evidence, whether it does so after a party rests, after the close of all evidence, or even after having directed a verdict for one party; and such ruling by the trial court, absent a showing of abuse of discretion, will not be overturned on appellate review. See, E.g., Eli Witt Cigar & Tobacco Co. v. Matatics, 55 So.2d 549 (Fla. 1951); Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978); Thrifty Super Market, Inc. v. Kitchener, 227 So.2d 500 (Fla.3d DCA 1969); 55 Fla.Jur.2d, Trial §§ 47-48 (1984). Indeed, it may even amount to an abuse of discretion not to permit a party to reopen its case in some circumstances. See Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975). But the trial court's discretion is not unlimited, for it may allow reopening only "where this can be done without injustice to the other party." Buckingham v. Buckingham, 492 So.2d 858, 861 (Fla. 1st DCA 1986); and see cases cited at 55 Fla.Jur.2d, Trial § 47 n. 99.
It seems abundantly clear, therefore, that had Cooper already paid the tax and simply neglected to affix the stamps or otherwise offer proof that the tax had been paid, the trial court may well have abused its discretion had it not permitted Cooper to reopen its case and adduce such proof. The curing of such a deficiency would have perfected Cooper's case without prejudicing appellants because it would have simply made the record reflect the true state of the facts as they existed when the plaintiff rested.
But that is not the case before us. We are confronted with the propriety of permitting a party to reopen its case, change the evidence to alter the existing facts, and then adduce proof of the new facts as altered by using the evidence of such changes. We have been cited to no authority which approves this procedure, and our own research has revealed none. Without receding from the general rule requiring trial courts to liberally allow a case to be reopened for the purpose of reflecting the true state of the facts by receiving additional evidence of existing facts inadvertently omitted, we do not approve the reopening of a case to permit a party to change existing facts and thereby create an enforceable action where none existed prior to such change.
*979 The procedure followed by the court below is especially troublesome in this case because the note remained unenforceable as a matter of law until the documentary tax was paid, and appellants could not be held liable to Cooper for attorney's fees incurred in its attempt to enforce that clearly unenforceable note. Until the documentary tax was paid, appellants had a good defense to Cooper's lawsuit, and had so pled in their answer early in the case. Had the trial court followed the precedent in Kotzen and dismissed Cooper's action, Cooper would not have been the prevailing party and would not have been entitled to an attorney's fee. This circumstance demonstrates obvious prejudice and injustice to appellants. It follows that the trial court abused its discretion in allowing Cooper to reopen its case and cure the impediment to enforcement of the note by paying the tax due and then adducing proof of that altered fact.
Our ruling on this issue does not, however, necessarily require reversal and dismissal of the entire action. The only prejudice suffered by appellants as a result of the trial court's error in allowing Cooper to reopen its case lies in the award of attorney's fees for services to enforce the patently unenforceable note prior to Cooper's purchasing the requisite documentary tax stamps. All other issues were fully and fairly tried free of error, and we see no need to unnecessarily burden the judicial system with a retrial of these issues. As the award of attorney's fees is in the nature of a damage award, and since the award of attorney's fees must be remanded for redetermination in any event, it is appropriate in this instance, by analogy to the court's power to order a remittitur as an alternative to vacating the entire judgment, to require that appellee Cooper accept an award of attorney's fees to enforce the note based on services rendered in the trial court after the documentary stamps were affixed and the note became enforceable; but should Cooper not accept this condition, the judgment will stand reversed with directions to dismiss the action without prejudice. See Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602 (1939) (upon failure of appellee to accept remittitur for improperly assessed attorney's fee as directed by appellate court, the judgment should stand reversed); cf. St. Louis-San Francisco Ry. Co. v. Sidberry, 406 So.2d 82 (Fla.1st DCA 1981).
In summary, the award of attorney's fees in the amount of $18,500 is reversed and this cause is remanded to the trial court for further proceedings. Upon Cooper's election to accept the judgment as affirmed and modified in this opinion, the court shall conduct a fee hearing complying with the requirements of Rowe to set the value of the services by appellee's attorney performed after the filing of the enforceable note; otherwise the court shall vacate the judgment and dismiss the action without prejudice.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] We also note that although the alleged affirmative defense was predicated on the provisions of the subcontract of June 10, 1985 between Cooper and Affordable concerning payment of Cooper's subcontractors, appellants' point on appeal is predicated on a supposed provision in the settlement agreement. Hence, this argument on appeal is not within the issues raised and tried in the court below and has not been properly preserved for appellate review.
[2] Appellants' brief argues in part at page 19:

The manner in which the trial court resolved this issue has widespread public policy ramifications. If the holders of documents in Florida, that come within the scope of § 201.08, need not concern themselves with paying the documentary stamp taxes unless or until the document reaches trial, the loss of revenue to the state would be substantial, to say the least. It is contrary to the established tax policy of the state to allow holders to enforce notes without having to purchase stamps as a precondition to effective suing upon them.