905 So.2d 1024 (2005)
Wil Wes RAPPAPORT, as General Partner of T & W Rappaport Investments, Ltd., a Florida Limited Partnership, Appellant,
v.
HOLLYWOOD BEACH RESORT CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation, and Hollywood Beach Hotel Owners Association, Inc., a Florida Not-For-Profit Corporation, Appellees.
No. 4D03-1671.
District Court of Appeal of Florida, Fourth District.
July 6, 2005.
*1025 Norman Malinski of the Law Offices of Norman Malinski, P.A., Aventura, for appellant.
Steven M. Davis of Becker & Poliakoff, P.A., Coral Gables, for appellee Hollywood Beach Hotel Owners Association, Inc.
David H. Reimer of Reimer & Rosenthal LLP, Weston, for appellee Hollywood Beach Resort Condominium Association, Inc.
STEVENSON, C.J.
This is an appeal and cross-appeal from orders granting summary judgment in a lawsuit on a promissory note and a letter agreement. The court found in favor of the plaintiff, Rappaport, and against defendant, Hollywood Beach Hotel, on the promissory note, but reduced the damages requested and limited attorney's fees. The court found in favor of defendants, Hollywood Beach Resort and Hollywood Beach Hotel, with respect to the suit on the letter agreement on statute of limitations grounds. We affirm the findings of the trial court with respect to the promissory note and the letter agreement,[1] but reverse the limitation of attorney's fees and write only to briefly discuss that issue.
The trial court limited Rappaport's entitlement to attorney's fees on the promissory note claim to that period of time after documentary stamp taxes on the note were paid. Ordinarily, this may have been appropriate. See Silber v. Cn'R Indus. of Jacksonville, Inc., 526 So.2d 974 (Fla. 1st DCA 1988) (limiting attorney's fees from the point when the trial court ruled the stamp tax was paid and the note became enforceable). In the instant case, though, limiting attorney's fees in that manner was an abuse of discretion.
During the course of the litigation, Hollywood Beach Hotel interposed its affirmative defense number 11, stating: "The subject promissory note is unenforceable under Florida Law." In response, Rappaport filed interrogatories and specially asked:
5. With respect to Affirmative Defense No. 11, please identify the Florida Law which renders the subject Promissory Note unenforceable, together with all facts which would bring the subject Promissory Note under the application of such Florida Law.
Hollywood Beach Hotel replied: "Unknown. The undersigned is not a lawyer. This question calls for a legal conclusion which the undersigned is unable to make."
The record shows that Hollywood Beach Hotel revealed the basis for its affirmative defense only after the court entered an order on liability and the completion of the damages phase of the litigation. It was only after the substance of the defense was finally disclosed that the trial court (1) allowed Rappaport to obtain documentary stamps for the promissory note and (2) found the note enforceable pursuant to Florida law.[2] In view of Hollywood Beach *1026 Hotel's failure to sufficiently identify its affirmative defense when requested by Rappaport, we find that the trial court abused its discretion in limiting Rappaport's fees on the promissory note to only that period spent litigating the note after the documentary stamps were paid. See Cady v. Chevy Chase Sav. & Loan, Inc., 528 So.2d 136, 138 (Fla. 4th DCA 1988) (holding that allegation that loan was "illegal" was conclusory and did not constitute a legally sufficient affirmative defense).
Hollywood Beach Hotel's evasive answer and failure to timely identify its purported defense removes this case from strict application of the limitation of attorney's fees remedy in Silber. The ruling in Silber was apparently based on the rationale that it was an abuse of discretion to award the plaintiff attorney's fees incurred for time spent trying to enforce a note for which no documentary taxes had been paid because time spent litigating such an unenforceable note was not "reasonable" or "necessary." Id. In Silber, though, the court noted that the defense had been raised in the answer, early in the case, and that the plaintiff was aware of the failure to pay the tax but did nothing until the presentation of evidence was concluded. 526 So.2d at 978. Here, the attorney's fees Rappaport incurred while attempting to enforce the note after Hollywood Beach Hotel failed to come forth with the basis for its legal objection despite Rappaport's request should remain the responsibility of Hollywood Beach Hotel. To rule otherwise would be to reward and countenance the "gotcha" litigation tactics employed by Hollywood Beach Hotel. Therefore, we find that Rappaport is entitled to his attorney's fees from the time that Hollywood Beach Hotel served its answer to Rappaport's interrogatory asking Hollywood Beach Hotel to identify the basis for its affirmative defense number 11 and Hollywood Beach Hotel responded: "Unknown. The undersigned is not a lawyer."
Accordingly, we affirm in part, reverse in part and remand for further proceedings consistent with this decision.
Affirmed in part, Reversed in part, and Remanded.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Hollywood Beach Hotel Owners Association (Hollywood Beach Hotel) was the only defendant on the promissory note action; both Hollywood Beach Resort Condominium Association (Hollywood Beach Resort) and Hollywood Beach Hotel were signatories to the so-called letter agreement and defendants in that action.
[2] Section 201.08, Florida Statutes (2004), is concerned primarily with ensuring the payment of statutorily mandated taxes and provides that:

The mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid.
§ 201.08(1)(b). Thus, promissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court. See Somma v. Metra Elecs. Corp., 727 So.2d 302 (Fla. 5th DCA 1999).