944 So.2d 1087 (2006)
James A. BONFIGLIO, Appellant,
v.
BANKER'S TRUST COMPANY OF CALIFORNIA, Appellee.
Nos. 4D05-2607, 4D05-2846.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
Rehearing Denied January 26, 2007.
Marshall J. Osofsky of Moyle, Flanigan, Katz, Raymond & Sheehan, P.A., Louis M. Silber of Silber Valente & Davis, West Palm Beach, and James A. Bonfiglio, Boynton Beach, for appellant.
John H. Pelzer and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee Beal Bank, S.S.B.
STEVENSON, C.J.
In this mortgage foreclosure case, the jury awarded the lender $128,190.44 on its *1088 foreclosure claim and the borrower some $48,734.86 in damages for his breach of contract counterclaim, alleging the lender failed to properly post his payments. The trial court determined that the lender was the prevailing party in the litigation and awarded it attorney's fees. The borrower has appealed, raising a myriad of issues. We affirm in all respects, save the amount of the attorney's fee award and write to address only one issuethe borrower's claim that the trial court erred in awarding the lender attorney's fees incurred prior to the time it paid for the documentary stamps and intangible taxes.
The foreclosure action in this case was initiated in June 1993. The parties litigated for a couple of years and, on August 24, 1995, entered into a settlement modifying the terms of the original 1989 note and mortgage. Under the modified agreement, the borrower agreed to immediately pay the lender $17,189. Past due interest was capitalized, raising the principal balance from $146,500 to $165,000. Ultimately, the lender sought foreclosure of this modified note and mortgage. At trial, the borrower moved for a directed verdict, arguing, for the first time, that the lender had failed to present any evidence that the documentary stamps and intangible taxes on the 1995 modification agreement had been paid and that sections 199.282 and 201.08, Florida Statutes, precluded enforcement of the note and mortgage absent the payment of these items. The trial court reserved ruling on the matter. The lender paid the documentary stamps and intangible taxes on October 22, 2004, during the pendency of the borrower's post-trial, renewed motion for directed verdict. The trial court denied the borrower's motion and, ultimately, entered a judgment in the lender's favor that awarded the lender the attorney's fees it had incurred throughout the litigation.
The borrower argues the lender is not entitled to any attorney's fees it incurred during the time the documentary stamps and intangible taxes on the 1995 modification agreement remained unpaid, relying upon Silber v. Cn'R Industries of Jacksonville, Inc., 526 So.2d 974 (Fla. 1st DCA 1988). There, a dispute arose during the construction of a hotel. The dispute was resolved through a settlement agreement that required the owners of the property to pay a subcontractor $45,000 upon execution and to execute a $50,000 note. When the owners failed to pay, the subcontractor brought suit for enforcement of the note. In their affirmative defenses, the owners raised the fact that no documentary stamps were affixed to the note and filed a counterclaim for damages. During the trial, the note, sans documentary tax stamps, was introduced into evidence. After the subcontractor rested its case, the owners moved to dismiss the action, arguing the note was unenforceable as a consequence of section 201.08. The trial court allowed the subcontractor to remove the note from evidence, pay the documentary tax, and place the note into evidence anew. The court then entered judgment in favor of the subcontractor and awarded it attorney's fees.
On appeal, the owners argued, among other things, that the trial court had erred in allowing the subcontractor to re-open its case, pay the tax, and introduce the note with affixed documentary stamps. While recognizing the discretion afforded trial judges in this area, the appellate court found the lower court had indeed abused its discretion in permitting the subcontractor to re-open the case and "change existing facts." 526 So.2d at 978. The court concluded, though, that the only prejudice suffered by the owners was the attorney's fee award. It thus allowed the verdict to stand, provided the subcontractor agreed to the limitation of its fees to those incurred *1089 after the documentary stamps had been paid. Id. at 979.
We believe that, here, as in Silber, the lender should not be permitted to collect those attorney's fees incurred prior to the time it paid the documentary stamps and intangible taxes on the 1995 modification agreement. Thus, while the lender is entitled to those fees it incurred from the commencement of the litigation up until the August 24, 1995 modification agreement and to those fees it incurred after the October 22, 2004 payment of the documentary stamps and intangible taxes on the 1995 modification agreement, it is not entitled to those fees it incurred during the interim period. In so holding, we have considered this court's subsequent decision in Rappaport v. Hollywood Beach Resort Condominium Ass'n, 905 So.2d 1024 (Fla. 4th DCA 2005), but find the "gotcha" tactics employed there are not present here.
Accordingly, we reverse the prevailing party attorney's fee award in favor of the lender and remand for recalculation of the fee award in a manner consistent with this opinion. We have considered the other issues raised on appeal, but find no error.
Affirmed in Part; Reversed in Part; and Remanded.
STONE, J., and BATEMAN, III, THOMAS HOWELL, Associate Judge, concur.