WARNER, J.
 

 This case involves the award of prevailing party attorney’s fees to the note holder in a suit to enforce the note. Although the documentary stamps were not affixed to the note until after the summary judgment, the trial court awarded attorney’s fees, seeming to conflict with this court’s statements in both
 
 Rappaport v. Hollywood Beach Resort Condominium Assn.,
 
 905 So.2d 1024 (Fla. 4th DCA 2005), and
 
 Bonfiglio v. Banker’s Trust Co. of California,
 
 944 So.2d 1087 (Fla. 4th DCA 2006), that notes without documentary stamps attached are unenforceable by reason of section 201.08, Florida Statutes. Therefore, attorney’s fees incurred in enforcement actions prior to the attachment of stamps should not be awarded. We affirm the trial court’s award, because after a review of the relevant statutes, we do not find any prohibition against filing suit to enforce a promissory note unconnected with a mortgage or security agreement where the documentary tax stamps have not been paid. We recede from
 
 Rappaport
 
 and
 
 Bonfiglio
 
 to the extent that they conflict with this opinion.
 

 The appellants, hereinafter referred to as GWH, delivered a promissory note for a loan of $300,000 to the appellee Lowy, due and payable in a year with certain extensions allowed. No documentary stamps were placed on the note. The note was not secured by any recorded instrument.
 

 GWH did not pay the note on the original due date and did not exercise its right to extend the note. Lowy filed suit and, after GWH answered, moved for summary judgment. At the summary judgment
 
 *695
 
 hearing, the court inquired as to whether the documentary stamps had been paid on the note pursuant to sections 201.01 and 201.08, Florida Statutes. Upon learning this step had not been taken, Lowy paid the taxes and provided proof to the court. The court then entered final summary judgment, reserving jurisdiction to determine entitlement and amount of an award of attorney’s fees to Lowy. GWH did not appeal the judgment.
 

 Lowy filed a motion for entitlement to attorney’s fees and costs. The court determined that Lowy was entitled to his fees and costs and entered judgment for the same, prompting this appeal of the attorney’s fees award.
 

 GWH asserts two reasons why we should reverse the attorney’s fee award. First, it claims that Lowy was not a prevailing party and thus not entitled to attorney’s fees under the note. Second, even if he were a prevailing party based upon the issues, he is not entitled to the attorney’s fees, because the documentary tax stamps on the note were not paid until after the summary judgment hearing, and the note is not entitled to be enforced in a court where the documentary stamps are not affixed to the note.
 

 On the first issue, we affirm because there is no transcript of the hearing on the determination of attorney’s fees.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979). In any event, Lowy obtained a judgment for the full amount of the promissory note together with interest, which is what he demanded in his complaint. We think this makes him the prevailing party under the note, even if GWH was successful in eliminating interest at the default rate.
 

 Although Lowy is the prevailing party, GWH still claims the court should not have awarded fees because the documentary stamps had not been affixed to the note and thus the note was not entitled to enforcement in the court until the stamp tax was paid.
 
 [1]
 
 In
 
 Silber v. Cn’R Industries of Jacksonville, Inc.,
 
 526 So.2d 974 (Fla. 1st DCA 1988), the court held that where the documentary stamps have not been attached to a note, the note is unenforceable until the stamps are affixed. Therefore, in a suit on a note without the stamps, the note holder should not be entitled to attorney’s fees for attempting to enforce an unenforceable note.
 

 Silber
 
 cites to section 201.08(1) for authority. We have reviewed the statute. It contains no provision requiring stamps to be attached to a promissory note not recorded or filed in the public records before the note can be enforced.
 

 Section 201.08(1) provides for the tax to be paid on promissory notes and mortgages or other deeds of trust. It divides them into two categories: (a) unsecured notes for the payment of money, and (b) notes or instruments secured by an instrument filed in the public records. It provides:
 

 (a) On promissory notes, nonnegotiable notes, written obligations to pay money ... executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same, the tax shall be 35 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby. The tax on any document described in this paragraph may not exceed $2,450.
 

 (b) On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in this
 
 *696
 
 state, and for each renewal of the same, the tax shall be 35 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby.... When there is both a mortgage, trust deed, or security agreement and a note, certificate of indebtedness, or obligation, the tax shall be paid on the mortgage, trust deed, or security agreement at the time of recordation.... If the mortgage, trust deed, security agreement, or other evidence of indebtedness subject to the tax levied by this section secures future advances, as provided in s. 697.04, the tax shall be paid at the time of recordation on the initial debt or obligation secured, excluding future advances; at the time and so often as any future advance is made, the tax shall be paid on all sums then advanced regardless of where such advance is made.... Failure to pay the tax shall not affect the lien for any such future advance given by s. 697.04, but any person who fails or refuses to pay such tax due by him or her is guilty of a misdemeanor of the first degree.
 
 The mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid.
 

 (footnote omitted) (emphasis supplied). The first subsection makes no reference to a prohibition of enforcement of a promissory note prior to paying the tax on the note. The second subsection deals with notes involving recorded instruments where the taxes are paid at the time of recording. For mortgages permitting future advances, the amount of future advances is excluded in computing the tax due. The last sentence prohibits enforceability of a mortgage or instrument where an advance has been made after recording of the original mortgage, and no tax has been paid on the amount of the advance.
 

 The state has a substantial interest in ensuring collection of taxes owed. That is why it requires evidence of the payment of the tax prior to recordation of any taxable instrument. The state has elected to enforce its taxes on unsecured promissory notes, however, through the use of its criminal laws and substantial penalties.
 
 See, e.g.,
 
 § 201.17, Fla. Stat.
 

 Section 201.08(1) does not prohibit enforcement of an unsecured promissory note in a court of this state for nonpayment of the documentary stamp tax. The string of cases applying a prohibition against enforcement of promissory notes appear to misread the statute.
 
 See Rappaport,
 
 905 So.2d 1024;
 
 Bonfiglio,
 
 944 So.2d 1087;
 
 [2]
 

 Somma v. Metra Electronics Corp.,
 
 727 So.2d 302 (Fla. 5th DCA 1999);
 
 Klein v. Royale Group, Ltd.,
 
 578 So.2d 394 (Fla. 3d DCA 1991);
 
 Silber,
 
 526 So.2d 974.
 
 Silber
 
 examined an earlier version of the statute which did not divide section 201.08(1) into subsections (a) and (b) but contained similar language, including the prohibition of enforcement of advances until the tax was paid.
 

 Where the language of the statute is clear and unambiguous, it is the duty of the courts to apply the statute as written.
 
 Fla. Dep’t of Revenue v. Fla. Mun. Power Agency,
 
 789 So.2d 320, 323 (Fla.2001). This statute is clear. It contains no prohibition against enforcement for failure to pay the tax on a promissory note, other than one securing future advances. The legislature might wish to amend the stat
 
 *697
 
 ute, as it is apparent that failure to pay the documentary tax on a promissory note is not an infrequent occurrence, and prohibiting enforcement of the note until such tax is paid would enhance collection efforts.
 

 Based upon the foregoing, we affirm the award of attorney’s fees to Lowy. We recede from
 
 Rappaport
 
 and
 
 Bonfiglio
 
 to the extent that they conflict with this opinion, and we certify conflict with
 
 Somma, Klein,
 
 and
 
 Silber.
 

 Affirmed.
 

 GROSS, C.J., POLEN, FARMER, STEVENSON, TAYLOR, HAZOURI, MAY, DAMOORGIAN, CIKLIN, GERBER and LEVINE, JJ., concur.
 

 [1]
 

 . Despite the lack of a transcript, this issue was preserved, because GWH filed a "bench brief" in the trial court objecting to the assessment of a fee based upon
 
 Silber
 
 and
 
 Bonfiglio.
 

 [2]
 

 . Although
 
 Bonfiglio
 
 involved a mortgage note, which is a secured instrument, the court relied on
 
 Silber,
 
 and it does not appear that the case involved a future advance but a mortgage modification on which no documentary stamps were paid.