DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL STEINBERG,**
Appellant,

v.

**WELLS FARGO BANK, N.A.,**
Appellee.

No. 4D14-1200

[October 21, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward H. Fine, Judge; L.T. Case No. 50-2010-CA-016912-AW.

Bruce Botsford of Bruce Botsford, P.A., Fort Lauderdale, for appellant.

David A. Greene and Anthony M. Stella of Fox Rothschild, LLP, West Palm Beach, for appellee.

GROSS, J.

We affirm the final judgment of foreclosure and write to address one issue—whether the deferred interest provision of a note and mortgage triggered the tax imposed by section 201.08(2), Florida Statutes (2010). We hold that the deferred interest provision fell under an exception to the general rule of taxability, so that no tax was due on the deferred interest added to the principal amount owed by the borrower and the mortgage and note were enforceable.

A bank loaned appellant $640,000. The adjustable rate note contained a "deferred interest" provision providing that if a payment was insufficient to pay the total amount of accrued interest from the previous month, any unpaid interest would be added to the principal and would accrue interest at the same rate as the principal. The note also included a "dragnet clause," which required that the unpaid balance caused by this accrual of deferred interest never exceed 125% of the original loan amount. At the time the complaint was filed, appellant's deferred interest resulted in a principal amount owed of $647,079.04. The bank had paid documentary stamp taxes only on the original principal of $640,000.

Steinberg argues that his deferred interest amounted to a "future advance" within the meaning of section 201.08(1)(a), Florida Statutes (2010), which would have required the payment of a documentary stamp tax. We reject this argument because the advances here did not trigger the obligation to pay a tax.

Section 201.08 concerns, among other things, the documentary stamp tax owed on promissory notes and mortgages. Subsection (1)(b) requires a tax be paid on mortgages filed or recorded in Florida. Where there is both a mortgage and a note, the tax must be paid "at the time of recordation." *Id.* If the mortgage or security interest "secures future advances," the tax on the initial debt is paid at the time of recordation and the tax on any future advances is paid at the time the advance is made. *Id.* Where no tax has been paid on a "future advance," the underlying mortgage or note is not "enforceable in any court of this state as to any such advance unless and until the tax due" on each advance has been paid. *Id.*; *see Glenn Wright Homes (Delray) LLC v. Lowy*, 18 So. 3d 693, 696 (Fla. 4th DCA 2009).

Steinberg reasons that section 201.08(1)(b) should be read in conjunction with section 697.04(1)(b), Florida Statutes (2010), entitled "Future advances may be secured." Steinberg points to language in section 697.04(1)(b), which states: "any increase in the principal balance as a result of negative amortization or deferred interest shall be secured by the mortgage." Reading sections 201.08(1)(b) and 697.04(1)(b) together, Steinberg concludes "that any increase in the principal balance as a result of negative amortization is secured by the mortgage" and is a form of taxable future advance. The problem with this argument is that nothing in section 697.04 expands or contracts the concept of a taxable future advance set forth in section 201.08(1)(b). *See also Wane v. Loan Corp.*, 552 F. App'x 908 (11th Cir. 2014). Section 697.04 primarily concerns the securing of future advances under a mortgage; it is not a taxation statute.

Section 201.08(1)(b) creates an exception to the general rule of taxability of future advances:

> Notwithstanding the aforestated general rule, any increase in the amount of original indebtedness caused by interest accruing under an adjustable rate note or mortgage having an initial interest rate adjustment interval of not less than 6 months **shall be taxable as a future advance only to the extent such increase is a computable sum certain when the document is executed**.

(Emphasis added).

As a result of this statutory exception, section 201.08(1) did not prohibit the bank's enforcement of the note and mortgage. Appellant had a "pick-a-payment" mortgage that allowed four payment options each month–ranging from payment of the full amount of principal and interest to a payment of less than the amount of interest due for that particular month, thereby implicating the deferred interest provision of the note. At the time the mortgage and note were executed, there was no way to know which payment option appellant would choose each month. Therefore, the extent of any deferred interest amount was not a "computable sum certain when the document[s were] executed," such that any deferred interest added to the principal amount was not a taxable "future advance" within the meaning of subsection 201.08(1)(b).

Accordingly, the bank did not owe any taxes under section 201.08(1)(b), so its note and mortgage were enforceable.

*Affirmed.*

STEVENSON and TAYLOR, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***