[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11505
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-61150-KMM

EDMOND MONTAGUE GRANT,

Plaintiff-Appellee,

versus

SHARON POTTINGER-GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2018)

Before WILLIAM PRYOR, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant Sharon Pottinger-Gibson appeals the district court's denial of her

motion to set aside the default judgment against her in this breach of contract and

unjust enrichment action filed by Plaintiff Edmond Montague Grant. Defendant Pottinger-Gibson removed Plaintiff Grant's action to federal court, but then failed to file an answer or other responsive pleading. As a result, the district court entered a default judgment against Defendant Pottinger-Gibson in the amount of $268,000 plus interest due under a promissory note and attorneys fees and costs, totaling $377,420.80. Subsequently, the district court denied Defendant Pottinger-Gibson's motion to set aside the default judgment.

On appeal, Pottinger-Gibson argues that the district court: (1) erred in denying her motion to set aside the default judgment as void under Federal Rule of Civil Procedure 60(b)(4); and, alternatively, (2) abused its discretion in denying her motion to set aside the default judgment for mistake, inadvertence, or excusable neglect under Rule 60(b)(1) and (6). After review, we affirm.

## I.  RULE 60(b)(4) MOTION

### A.    Factual Background

In his complaint, Plaintiff Grant alleged that: (1) in 2010, Pottinger-Gibson, in her individual capacity and as a corporate representative, executed the promissory note ("the Note") promising to pay him "$286,000 plus interest at the prime rate . . . for certain copyright assignments and transfers" within three years; (2) Plaintiff Grant made the requisite copyright assignments and transfers under the agreement; and (3) Defendant Pottinger-Gibson had failed to make the payment

2

due under the Note, despite licensing and collecting royalties on the copyrights.

Plaintiff Grant attached a copy of the Note bearing Defendant Pottinger-Gibson's

signature.  Because Defendant Pottinger-Gibson failed to answer the complaint,

she is deemed to have admitted these well-pleaded factual allegations.  See Cotton

v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

## B.    General Principles

Under Rule 60(b)(4), the district court is authorized to relieve a party "from

a final judgment, order, or proceeding" if "the judgment is void."  Fed. R. Civ. P.

60(b)(4).[1]  A judgment is void under Rule 60(b)(4) only if the district court lacked

subject matter jurisdiction or if the judgment was premised on a due process

violation "that deprive[d] a party of notice or the opportunity to be heard."  United

Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377

(2010).  A judgment is not void merely because the district court made a legal error

in reaching it.  See id. at 270, 130 S. Ct. at 1377.  "Similarly, a motion under Rule

60(b)(4) is not a substitute for a timely appeal."  Id.

## C.    Analysis

On appeal, Defendant Pottinger-Gibson argues that the default judgment

against her was void on several grounds, but she failed to raise these grounds

---

[1]We review de novo a district court's ruling on a Rule 60(b)(4) motion to set aside a default judgment as void.  Stansell v. Revolutionary Armed Forces of Colom., 771 F.3d 713, 736 (11th Cir. 2014).

3

before the district court.  Specifically, on appeal, Pottinger-Gibson argues that the judgment is void because: (1) the Note that Grant based his complaint upon was void; (2) Plaintiff Grant failed to produce the original Note; (3) the district court did not hold a hearing on Grant's motion for default judgment as required by Federal Rule of Civil Procedure 55(b)(2); and (4) Grant failed to state a claim against her.  In the district court, however, Defendant Pottinger-Gibson argued that the judgment was void under Rule 60(b)(4) only because Plaintiff Grant failed to attach the promissory-note tax stamps she maintained were required under Florida law for its enforceability.  We generally do not address claims that were not presented to the district court in the first instance.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

Even if we were to address Defendant Pottinger-Gibson's new arguments, however, they would fail.  Pottinger-Gibson's arguments that the Note's execution was defective and that Plaintiff Grant failed to produce the original Note or to state a claim fail because they do not assert the kinds of jurisdictional or due process defects cognizable under Rule 60(b)(4).  See United Student Aid Funds, Inc., 559 U.S. at 270-71, 130 S. Ct. at 1377.

Although Defendant Pottinger-Gibson's argument that she did not receive a hearing before the district court entered the default judgment and awarded Grant damages is cognizable under Rule 60(b)(4), that argument also lacks merit.  The

4

district court was not required, under Rule 55(b)(2), to hold a hearing before entering the default judgment and awarding damages because Pottinger-Gibson admitted, by defaulting, that the Note required her to pay "$286,000 plus interest at the prime rate." See Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) (explaining that a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" and that the district court may forgo a hearing if the essential evidence is already in the record); see also Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages" (emphasis added)).[2]

Moreover, the district court provided Defendant Pottinger-Gibson with notice that a default judgment could be entered against her in its "notice of court practice upon entry of default" entered on the docket fifteen days before Plaintiff Grant filed his motion for default judgment and sixteen days before the district court granted that motion. Therefore, the default judgment was not premised on a due process violation "that deprive[d] a party of notice and the opportunity to be heard." United Student Aid Funds, Inc., 559 U.S. at 271, 130 S. Ct. at 1377.

---

[2]To the extent that Defendant Pottinger-Gibson's reply brief offers new arguments as to why a hearing on damages was required, including that the complaint was ambiguous as to when interest commenced and that the award of attorney's fees was not supported by sufficient evidence, we do not address them. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 683 (11th Cir. 2014) (new arguments raised for the first time in a reply brief "come too late").

5

Accordingly, we reject Defendant Pottinger-Gibson's argument that the default judgment is void under Rule 60(b)(4).

## II.  RULE 60(b)(1) AND (6) MOTION

The district court also did not err in denying Defendant Pottinger-Gibson's motion to set aside the default judgment under Rule 60(b)(1) or (6).

### A.    General Principles

Rule 60(b)(1) allows a district court to grant relief from a final judgment, order, or proceeding due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).  Generally, excusable neglect under Rule 60(b)(1) is an equitable inquiry turning on "all relevant circumstances," and the pertinent factors include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quotation marks and alteration omitted) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 389, 113 S. Ct. 1489, 1498 (1993)).  In the default judgment context, we have held that "a defaulting party must show that: (1) [she] had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the

6

complaint." Valdez v. Feltman (In re Worldwide Web Sys., Inc.), 328 F.3d 1291, 1295 (11th Cir. 2003) (quotation marks omitted). "[I]n order to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." Id. at 1296 (quotation marks omitted).

Rule 60(b)(6), the catchall provision, authorizes setting aside a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) motions must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (omission in original) (internal quotation marks omitted). However, relief under Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories" in Rule 60(b)(1) through (5). United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala., 920 F.2d 788, 791 (11th Cir. 1991); see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1133 (11th Cir. 1986).

The Rule 60(b) movant's burden is a heavy one on appeal. See Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). "[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion[ ] must have been sufficiently unwarranted as to amount to an abuse of discretion." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.

1984).  Thus, Pottinger-Gibson "must demonstrate a justification [for relief] so compelling that the [district] court was required to vacate its order."  Solaroll Shade & Shutter Corp., 803 F.2d at 1132.

## B.    Analysis

Defendant Pottinger-Gibson has not shown that the district court abused its discretion in denying her motion to set aside the judgment under either Rule 60(b)(1) or Rule 60(b)(6).  In her Rule 60(b) motion, Pottinger-Gibson asserted that she had made a good faith mistake, as a pro se litigant, when she believed that her notice of removal removing Grant's action to federal court satisfied her obligation to answer Grant's summons and complaint.  Pottinger-Gibson further contended that she acted diligently in seeking counsel once she received the clerk's notice of default and in filing her Rule 60(b) motion 23 days after the entry of default and seven days after the default judgment.

As for Rule 60(b)(1), even assuming arguendo that Defendant Pottinger-Gibson acted in good faith and had good cause for failing to file a responsive pleading to Plaintiff Grant's complaint after she removed it to federal court and assuming that Grant would not have suffered any prejudice, the district court nonetheless reasonably concluded that Pottinger-Gibson failed to present a defense that was likely to be successful.  See Valdez, 328 F.3d at 1296.  First, Defendant Pottinger-Gibson never disputed the factual allegations that she signed the Note,

8

received the copyright transfers, and did not make payments under the Note. Moreover, Defendant Pottinger-Gibson did not deny that she defaulted on the Note or point to any facts disputing that she owed Plaintiff Grant $286,000 plus interest, pursuant to the Note.

Instead, Defendant Pottinger-Gibson argued that Grant did not submit the original Note to the district court. However, as the district court found, the copy of the Note that Plaintiff Grant attached to the complaint effectively was the original Note. The affidavit of the attorney who drafted the Note, along with the emails between the parties, established that the Note was circulated only electronically, and Grant provided a satisfactory explanation for not having a better original. See Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 62 (Fla. Dist. Ct. App. 2012) (explaining that under Florida law, a party seeking to enforce a promissory note must "either present the original promissory note or give a satisfactory explanation for its failure to do so").[3]

Defendant Pottinger-Gibson also contended that Plaintiff Grant failed to attach tax stamps to the copy of the Note. But, contrary to Pottinger-Gibson's claim, Grant's failure to attach tax stamps to the Note did not render it

---

[3]The parties dispute whether the requirement under Florida law to either produce the original note or provide a satisfactory explanation for the failure to do so applies only in mortgage foreclosure actions or in any action relating to a negotiable instrument. We do not need to resolve this question because, even assuming arguendo the requirement applies to an unsecured promissory note like the one at issue here, Grant has satisfied it.

unenforceable under Florida law.  See Glenn Wright Holmes (Delray) LLC v.

Lowy, 18 So. 3d 693, 696 (Fla. Dist. Ct. App. 2009) (providing that Florida law

"does not prohibit enforcement of an unsecured promissory note . . . for

nonpayment of the documentary stamp tax").

Finally, Defendant Pottinger-Gibson argued that it was not possible to

determine her liability under the Note because a "termination and release

agreement" and an "asset copyright assignment and transfer agreement" referenced

in the Note were not attached to the complaint and that, in any event, she could not

be held personally liable because she signed the Note on behalf of several

companies.  Pottinger-Gibson's arguments ignore the fact that although she signed

the Note "for and on behalf of" the several companies, the Note provided that "the

undersigned individual and the companies . . . promise to pay . . . GRANT."

Furthermore, Pottinger-Gibson failed to point to any evidence disproving that she

was personally liable under the Note or showing that the other documents

referenced in the Note had a bearing on the parties' liabilities.  In sum, Pottinger-

Gibson did not establish that she had a meritorious defense that might affect the

outcome.  See Valdez, 328 F.3d at 1285, 1297.

Pottinger-Gibson also did not show she was entitled to relief under Rule

60(b)(6).  Pottinger-Gibson offered no other circumstances to warrant relief from

the default judgment except her good faith mistake.  Because "mistake,

inadvertence, surprise, or excusable neglect, are all grounds for relief under Rule 60(b)(1), and Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, the district court could not grant Pottinger-Gibson relief under Rule(b)(6) due to her misunderstanding about the legal effect of her notice of removal.  See Solaroll Shade & Shutter Corp., 803 F.2d at 1131, 1133.

### III. CONCLUSION

For all these reasons, we affirm the district court's denial of Defendant Pottinger-Gibson's motion to set aside the default judgment.

**AFFIRMED.**